### 26307. TRAVIS v. TRAVIS.

ARGUED FEBRUARY 9, 1971—DECIDED MARCH 18, 1971.

*Jack P. Turner,* for appellant.

*Grizzard, Jones, Parker & Simons, Richard L. Parker, Charles D. Read, Jr.,* for appellee.

GRICE, Justice. The decisive issue here is whether permanent alimony provisions in a final decree for divorce and alimony, and an instrument conveying real property pursuant thereto, were annulled and set aside by remarriage of the parties to each other and their subsequent voluntary cohabitation thereby.

The issue arose from an action filed by Mrs. Kathryn Sanders Travis against William Albert Travis in the Superior Court of Fulton County, in which she sought a divorce and alimony, includ-

ing exclusive use of certain real property and other relief not necessary to state here. Her complaint recited a prior marriage, divorce of the parties, and that she held sole title to such property.

The husband's answer contested the wife's right to divorce, sought a divorce for himself, and denied that the wife had any interest in said real property.

Thereupon the wife, by amendment to her complaint, prayed that she be awarded ". . . any title that [the husband] might have in and to said real property, as a division of property between the parties or as a part of permanent alimony."

The husband then filed a motion seeking a declaratory order to annul and set aside all provisions made for permanent alimony for the wife in the previous divorce action because of their subsequent voluntary cohabitation during their remarriage.

With the issue thus drawn, the trial court entered a declaratory order which, among other provisions, canceled the deed to the property included in the prior divorce and alimony award. Upon trial of the case, a final judgment and decree based upon a jury verdict were entered, awarding a one-half undivided interest in such real property to each of the parties.

The following are enumerated as error in this appeal, set forth in the chronological order of their occurrence: (1) the declaratory order canceling the deed to the real property; (2) the portion of the judge's charge which instructed the jury that it had the power to dispose of the property; (3) the verdict of the jury insofar as it awarded a one-half undivided interest in the property to the husband; and (4) the judgment and decree to the extent that it awarded the husband a one-half interest in the property.

Whether these enumerations are meritorious depends upon the intent of *Code* § 30-217, which provides in material part as follows: "The subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provisions made, either by deed or decree, for permanent alimony." The remaining sentence, relating to alimony for children, is not involved here.

This provision was incorporated into our first Code, that of 1863, but was not codified from any statute or decision of this court concerning the subject, since neither existed. Hence aids for interpretation are not forthcoming from those sources.

It is obvious that the Code section applies when two events occur: when parties, (1) while married to each other, (2) voluntarily cohabit with each other. See in this connection, *Peebles v. Peebles,* 186 Ga. 222 (197 SE 783); *Hamby v. Pye,* 195 Ga. 366 (24 SE2d 201).

However, the question of construction here is whether the section applies only to events occurring during the first marriage; or whether it is also applicable where, as here, the parties obtained a divorce, subsequently remarried and cohabited with each other.

The trial court apparently took the latter view.

In support of this view it may be argued that if the parties voluntarily cohabit with each other during *any* marriage, the annulment factor of *Code* § 30-217, supra, operates; that the purpose of the section is to restore the parties to their pre-existing situation in which the husband supports the wife voluntarily, not by court compulsion; and that their remarriage and cohabitation ipso facto annuls the provision for alimony in the previous decree.

We cannot accept that view.

The proper interpretation of the section, we feel, is that it does not apply where there has been a total divorce. This is apparent from several viewpoints, namely those which follow.

First, it should be noted that the section does not mention divorce, but does refer to provisions "for permanent alimony." In this connection we point out that the many cases of this court which have applied this section do not deal with divorce and remarriage, but merely with provisions for permanent alimony and subsequent cohabitation between the parties. See, e.g., *Brown v. Brown,* 210 Ga. 233 (78 SE2d 516), and citations therein.

Also, it is significant that the section recites "*the* husband and wife." (Emphasis supplied.) This necessarily refers to the cohabitation of the husband and wife during their *first* marriage because *Code* § 30-119 declares that "a total divorce shall annul the marriage from the time of its rendition," and thus a subsequent remarriage to each other would not restore and continue them as "the husband and wife."

Furthermore, to apply *Code* § 30-217, supra, in a situation such as the one here would result in a conflict with a construction which this court has rendered as to *Code Ann.* § 30-209 (Ga. L.

1966, p. 160). It provides that, "All obligations for permanent alimony to the wife ... the time for performance of which has not yet arrived, shall cease upon her remarriage unless otherwise provided in the decree." In *Shepherd v. Shepherd,* 223 Ga. 609 (1) (157 SE2d 268), this court held that *Code Ann.* § 30-209, supra, does not apply to a decree for alimony based upon a "property settlement." We regard *Code Ann.* § 30-209 as applicable to the wife's remarriage to anyone, so that under the construction placed thereon by the *Shepherd* case, supra, the wife may *retain* the property previously awarded her as permanent alimony regardless of her remarriage to her former husband or to anyone else. The meaning that we give to *Code* § 30-217 accords with this result.

Finally, the construction which we make here is consistent with the rule prevailing generally where there is no controlling statute. Thus, a remarriage of divorced spouses operates at most to "relieve the husband of further obligation to make *instalment payments* of alimony ..." 24 AmJur2d 769, Divorce and Separation, § 651. (Emphasis supplied.) However, "*property* which, on the granting of a divorce, was set aside to [the wife] and became her sole and separate property remains her separate estate, notwithstanding the divorced parties are subsequently remarried to each other." 41 CJS 745, Husband and Wife, § 263. (Emphasis supplied.)

For the foregoing reasons we do not consider *Code* § 30-217, supra, to be applicable to situations involving a total divorce and remarriage of the same parties. Therefore, we must hold that here the trial court erred in canceling the deed giving title to the disputed real property to the appellant wife pursuant to the judgment and decree of divorce and alimony in the prior marriage. It necessarily follows that the verdict of the jury as charged by the court, giving it the right to make an award, and the order of the court awarding a one-half undivided interest in the property to the appellee husband were likewise erroneous. The judgment is therefore

*Reversed. All the Justices concur.*