## 31340. ELDER v. HOGG.

HALL, Justice.

This is an appeal from a judgment denying the former husband's right to specific performance of an agreement with the former wife, which was recited in their divorce decree, to recover 152 shares of stock or alternatively money damages.

The parties were divorced in 1973. Previously, they entered into an agreement settling matters of support, alimony and division of property. The agreement was made part of the decree. The provision in dispute here provided that the husband would transfer 304 shares of

specified stock to the wife, and that should the wife remarry while the husband was still in life, she would reconvey to the husband 152 shares of the stock. Subsequent to the divorce, the husband transferred the stock to her, and some months later the former spouses remarried each other. In 1974 they obtained a second divorce. The second decree did not mention the prior agreement but provided for monthly support so long as she did not remarry. In 1975, the former wife married a third person and her former husband brought suit for the 152 shares of stock or in the alternative for money damages.

We read the provision in the first divorce agreement concerning the reconveyance of the stock to husband to mean that such reconveyance would be required only upon wife's marrying a third party and not her previous husband. Therefore, the remarriage of the former spouses did not trigger the application of that provision. On the contrary, the remarriage nullified their previous divorce decree and normally they may not enforce against each other the provisions of that decree. *Warren v. Warren,* 213 Ga. 81 (97 SE2d 349) (1957). The remarriage of divorced spouses relieves them of future obligations under the decree. *Travis v. Travis,* 227 Ga. 406, 409 (181 SE2d 61) (1971). However, ". . . the wife may *retain* the property previously awarded her as permanent alimony regardless of her remarriage to her former husband. . ." Id.

Under the above principles of law, we hold that upon their remarriage to each other the wife retained the right and ownership of the 304 shares of stock without any future obligation of returning 152 shares.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 16, 1976 — DECIDED SEPTEMBER 7, 1976.

*Wyatt, Wyatt & Solomon, Charles Solomon, Jr.,* for appellant.

*Duncan & Thomasson, Thurman E. Duncan,* for appellee.