## 33324. IVEY v. GROGAN et al.

JORDAN, Justice.

Virginia G. Ivey brought a complaint against the First National Bank of Atlanta and Gurdie Pascal Grogan, Jr., as executors and trustees of the will of Gurdie Pascal Grogan, Sr.

The plaintiff alleged: The trust provisions in Item VI of the will are so broad, vague, and uncertain as to make the duties and obligations of the trustees undeterminable and to render the trust unenforceable by any beneficiary thereof against the trustees. The trust is thus void as depriving the beneficiaries of any ascertainable benefits and any vested interest therein. The beneficiaries are entitled to a strict accounting by and from the trustees. It was prayed that the will be declared invalid; that the trustees be required to render a strict accounting of the affairs of the estate; that the trustees be required to post bond; and that the trust established under Item VI of the will be declared void and the assets be distributed to the named beneficiaries in fee simple.

The defendants moved to dismiss the complaint on the ground that it failed to state a claim upon which relief can be granted. The plaintiff moved for a summary judgment.

The trial judge entered an order in which he recited that, based on the stipulations of the parties and the record before the court, there are no issues of fact to be resolved, and the dispute is one of law arising out of the construction of the will and the trust therein. He denied the prayer that the will be declared invalid, since it had been admitted to probate. He denied the prayer that the

defendants post bond, since the will relieved the executors and trustees from posting bond, and the plaintiff has shown no ground for requiring bond. He denied the prayer that the trust in Item VI of the will be declared void and the assets be distributed to the beneficiaries. The plaintiff's motion for summary judgment was denied. The defendants' motion to dismiss was granted as to all claims in the complaint except those seeking an accounting.

Thereafter the plaintiff dismissed, without prejudice, that part of her complaint seeking an accounting, and the judge entered a final judgment in favor of the defendants. The plaintiff appeals from this judgment, contending that Item VI of the will is void.

In Item VI the testator established a trust in the residue of his property not otherwise devised, and named Gurdie Pascal Grogan, Jr., and the First National Bank of Atlanta as trustees. In subdivision (a) it is provided that throughout the life of the testator's wife the trustees may accumulate the annual net income from the corpus of the trust, or distribute such portion thereof as the First National Bank of Atlanta, "within its uncontrolled discretion," may determine, to his wife, his daughter (the plaintiff), his son (Gurdie Pascal Grogan, Jr.), and to the issue of his son and daughter, "in equal or unequal shares as may be determined by" the corporate trustee. The corporate trustee is authorized "within its uncontrolled discretion" to encroach upon the corpus of the trust and distribute such amounts "as it, within its uncontrolled discretion, may determine" to the same persons. It is provided that the encroachments may be made in equal or unequal shares, and to some of the persons designated without being made to all of them, as the corporate trustee may determine, such encroachments to be charged against the share involved.

Subdivision (b) (1) of Item VI provides that after the death of the testator's wife, the trustees shall distribute in fee simple to Gurdie Pascal Grogan, Jr., or his issue if he is not in life, such interest as the trust may have in described real property, and one-half of the corpus of the trust remaining after the deduction of the interest of the trust in this real property and another piece of real property.

Subdivision (b) (2) provides that after the death of the

testator's wife, the trustees shall hold in trust for the plaintiff and her issue such interest as the trust may have in the real property last described in subdivision (b) (1), and one-half of the corpus of the trust remaining after the deduction therefrom of the interest the trust may have in both pieces of real property described. It is provided that throughout the life of the plaintiff the corporate trustee may accumulate the income of the trust or distribute it to the plaintiff and her issue, and encroach upon the corpus of the estate and distribute it to the plaintiff and her issue, with the same discretion as that given in subdivision (a). After the death of the plaintiff, the trustees shall hold the corpus of the trust until the youngest living child of the plaintiff reaches the age of 21, at which time the corpus of the trust shall be distributed to the children of the plaintiff and issue of a deceased child.

The plaintiff dismissed her prayer for an accounting, and there is no question for decision in this appeal as to the power of a court of equity to interfere with a trustee in the exercise of its discretion. In this connection see *Turner v. Trust Co. of Ga.,* 214 Ga. 339, 346 (105 SE2d 22) (1958); *Cates v. Cates,* 217 Ga. 626, 632 (124 SE2d 375) (1962).

The sole question for determination is whether this trust, giving unlimited discretionary power as to the distribution of income or corpus of the trust to the plaintiff, is valid.

In *Budreau v. Mingledorff,* 207 Ga. 538, 546 (4) (63 SE2d 326) (1951), a testamentary trust was determined not to be invalid because of the unlimited discretion given to the trustees in determining whether or not income and corpus of the trust would be paid to the testator's son.

A trust was found to be valid in *Springer v. Cox,* 221 Ga. 673 (146 SE2d 753) (1966), which gave the trustee broad power to exercise his discretion in spending the income or corpus of the trust for the beneficiaries.

In *Strickland v. Trust Co. of Ga.,* 230 Ga. 714, 719 (4) (198 SE2d 668) (1973), the discretionary power of trustees to terminate a trust was held not to be too vague and indefinite to be effective.

Bogert on Trusts (5th Ed.), p. 159, recognizes discretionary trusts as follows: "Sometimes the settlor provides that the trustee shall pay to or apply for the

beneficiary only so much of the income or capital of the trust as the trustee sees fit to use for that purpose, and that the remainder of the trust income or property shall be used for another purpose. This is a true 'discretionary trust,' in the sense that there is a discretion to give the named beneficiary some benefits under the trust or to give him nothing." See also 96 CJS 639, Wills, § 1037.

"As in the construction of ordinary wills, a will setting up a testamentary trust should be given effect according to its terms, and the obvious intent of the maker should be carried out unless to do so would violate some provision of the law or the public policy of this State." *Thomas v. Wood,* 228 Ga. 206, 209 (1) (184 SE2d 561) (1971).

We find no violation of the law or public policy of the state by the trust in the present case, and the trial judge did not err in finding it valid.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 13, 1978 — DECIDED APRIL 4, 1978.

*Berthold & Gordon, James J. Brissett,* for appellant. *James C. Watkins, Joe W. Gerstein,* for appellees.