60568. DeLOACH v. MILLER.

SOGNIER, Judge.

Appellant, Ann Norton DeLoach, is the primary beneficiary of the Ann Norton DeLoach Trust which was created by her husband,

M. Frank DeLoach, Jr., in December, 1972. The trust agreement provides in part: "the corpus of this Trust remain intact . . . until my wife shall die or remarry, whichever occurs first. Upon the death or earlier remarriage of my wife, the Trust Estate shall be divided equally among my children . . ."

In September, 1974 Mr. and Mrs. DeLoach were divorced; in August, 1977 they were again married to each other. Payments were made to Mrs. DeLoach pursuant to the Trust Agreement during the first marriage, during the time between the divorce and second marriage, and thereafter. A second divorce action was filed in September, 1979.

One of the secondary beneficiaries of the trust, Mr. Frank DeLoach III, questioned the propriety of further payments to Mrs. DeLoach following her second marriage to DeLoach. The Trustee, Charles B. Miller, interrupted payments to Mrs. DeLoach and filed a petition for declaratory judgment seeking a ruling construing the quoted provision of the Trust Agreement and a determination of the respective rights of the beneficiaries.

After a hearing on the matter, the trial court found that Mrs. DeLoach's second marriage to Mr. DeLoach was such a "remarriage" as terminated her right to benefits under the trust, and ordered distribution of the trust funds to the secondary beneficiaries. The issue on appeal is whether the trial court erred in interpreting "remarriage," in the context of the trust instrument, to apply to Mrs. DeLoach's second marriage to the creator of the Trust. We reverse.

In construing a trust instrument it is the duty of a court to find the intention of the settlor and to effectuate that intention insofar as the language used and the rules of law will permit. *Love v. Fulton Nat. Bank,* 213 Ga. 887, 891 (102 SE2d 488) (1958). In construing an instrument and to discover the true intent of the parties, the court must look to the entire instrument and the surrounding circumstances. *Shorter v. Methvin,* 52 Ga. 225, 230 (1874); *Simpson v. Brown,* 162 Ga. 529, 538 (134 SE 161) (1926); *Sproull v. Graves,* 194 Ga. 66, 68 (20 SE2d 613) (1942); *McVay v. Anderson,* 221 Ga. 381, 385 (144 SE2d 741) (1965). The parties were married at the time the trust was created. The trust instrument consistently refers to appellant beneficiary as "my wife." The word "remarriage" should not be construed singly, but should be given a meaning consistent with the circumstances at the time the instrument was executed, with due regard for the purposes to be served by the trust and the entire context of the instrument.

We agree with the trial court that the creator of the trust intended for Mrs. DeLoach to receive payments under the trust

instrument while she was his *wife* and, in the event that he died or they divorced, that she would continue to receive payments. However, under the circumstances of this case, we believe the creator intended that payments to Mrs. DeLoach under the trust terminate upon her marriage to a person *other* than Mr. DeLoach. We also agree with the trial court that the term "remarry" is a common and familiar term. However, in the context of the trust instrument we are obliged to construe the word to give effect to the intention of the creator, DeLoach, Jr. That intention is to provide income to his wife during their marriage, and if he were no longer her husband, until she married someone else who could provide for her.

This interpretation of "remarriage" is consistent with Georgia law. *Elder v. Hogg,* 237 Ga. 465 (228 SE2d 851) (1976). In a case similar to the instant case, the Supreme Court of New York held that "remarriage" meant remarriage to another, and not to the former husband. Bank of New York v. Hiss, 27 NYS2d 646 (1941). We find the holding of that case persuasive and adopt it here.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 28, 1981.

*Grayson P. Lane,* for appellant.
*Robert D. Miles, Terry L. Readdick, Carroll Palmatary, M. Frank DeLoach III,* for appellee.