## 38280. MOORE v. MOORE.

PER CURIAM.

Appellant-former wife and appellee-former husband were married in 1944, and they divorced in April of 1973. Under the 1973 divorce decree, the appellant was awarded the parties' mobile home, as well as other property. Appellant and appellee remarried in July of 1973, but the appellant filed the present complaint for divorce against the appellee in 1979. In this suit, the appellee sought $12,500 as 1/2 of the value of the mobile home, as well as $600 per month for services rendered to the appellant subsequent to their 1973 remarriage. The appellee asserted his claim to these monies under the theory of equitable property division. *Stokes v. Stokes,* 246 Ga. 765 (273 SE2d 169) (1980).

The trial judge ruled that under Code § 30-217 the property award in the parties' 1973 divorce decree was annulled and set aside by their subsequent remarriage. On this basis, the trial judge further ruled that property awarded to the appellant in the 1973 divorce decree is subject to equitable division in this divorce proceeding. Accordingly, the trial judge denied the appellant's motion for directed verdict. The jury returned a verdict in favor of the appellee for the lump sum of $28,000. We granted the appellant's application to appeal.

1. Code § 30-217 provides, in part: "The subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provisions made, either by deed or decree, for permanent alimony..." However, it has been held that this Code section operates so as to annul provisions for permanent alimony only where there has been

subsequent voluntary cohabitation of husband and wife during their first marriage; § 30-217 does not annul permanent alimony provisions where, as here, the parties obtain a divorce and subsequently remarry and cohabit with each other. *Elder v. Hogg,* 237 Ga. 465 (228 SE2d 851) (1976); *Travis v. Travis,* 227 Ga. 406 (181 SE2d 61) (1971). As noted in *Travis v. Travis,* supra, under Code § 30-209: "All obligations for permanent alimony to a party, whether created by contract, verdict, judgment, or decree, the time for performance of which has not arrived, shall cease upon remarriage of the party to whom such obligations are owed unless otherwise provided." Code § 30-209 basically applies to unperformed obligations to make installment payments of alimony, but does not apply to unperformed obligations to effectuate property settlements. *Travis v. Travis,* supra; *Shepherd v. Shepherd,* 223 Ga. 609 (1) (157 SE2d 268) (1967). Thus, " '*property* which, on the granting of a divorce, was set aside to (the wife) and became her sole and separate property remains her separate estate, notwithstanding the divorced parties are subsequently remarried to each other.' " *Travis v. Travis,* 227 Ga. 406, supra, p. 409.

Therefore, the trial judge erred in ruling that the parties' subsequent remarriage annulled and set aside the award of property to the appellant under the parties' 1973 divorce decree.

2. Under *Stokes v. Stokes,* supra, only the real and personal property and assets acquired by the parties during marriage is subject to equitable property division. *Stokes v. Stokes,* 246 Ga. 765, supra, p. 772 (Hill, J., concurring).

Therefore, the trial judge erred in refusing to direct a verdict in favor of the appellant on the appellee's claim for 1/2 interest in the mobile home, since the mobile home was property the appellant brought into the parties' remarriage.

3. However, the trial judge did not err in submitting to the jury the appellee's claim for $600 per month for services rendered by the appellee to the appellant subsequent to their remarriage. Nor did the trial judge err in admitting other complained-of evidence.

In determining how assets and property acquired during the marriage should be equitably apportioned, the jury is authorized to consider, among other things: the estate of each of the parties; any prior marriage of either party; and the contribution or service of each spouse to the family unit. *Stokes v. Stokes,* supra (Hill, J., concurring).

The judgment must be reversed and the case remanded for a new trial.

*Judgment reversed. All the Justices concur, except Marshall and Smith, JJ., who concur in the judgment only.*

*Merrill & Reynolds, Charles B. Merrill, Jr.,* for appellant.
*Millard B. Shepherd, Jr.,* for appellee.

HILL, Presiding Justice, concurring.

I join the Per Curiam opinion and judgment of the court. I agree that the wife was not entitled to a directed verdict as against the husband's claim for equitable division of property. However, I have some problem visualizing facts which would authorize a jury to award, as equitable division of property, a husband $43,200 (computed at the rate of $600 per month for 6 years) for services rendered by the husband to the wife during the marriage.

I write this concurring opinion to dispel any fears raised by the use of the scare words "community property" in the specially concurring opinion. Eight states have "community property" — Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Texas and Washington. 15A AmJur2d Community Property § 1. Of these, we hear about California most often, possibly because of the well-publicized divorces of celebrities. In some community property states, upon the death of either spouse, one-half of the community property (after payment of community debts) belongs to the surviving spouse; in others, such as California, the entire community property belongs to the husband on the death of the wife, but on the death of the husband, the wife is entitled to only one-half of the community property. 15A AmJur 2d Community Property § 109. (This latter feature may have been changed.) However, "When one spouse kills the other, the value of the slayer's interest in any community property must be determined as of the moment before the wrongful act was committed." Aetna Life Ins. Co. v. Primofiore, 80 Cal. App. 3d 920, 145 Cal. Rptr. 922, 925 (1978).

There is a vast difference between "community property" and "equitable division of property." "In a few words, no divorce means no equitable division of property." *Segars v. Brooks,* 248 Ga. 427, 428 (284 SE2d 13) (1981). In *Segars,* we held that the administratrix of a wife alleged to have been killed by her husband while her suit for divorce was pending could not recover equitable division of property. The result would have been the opposite in a community property state. Paraphrasing *Segars:* In a few words, there is no such thing as "community property" in Georgia.

MARSHALL, Justice, concurring in the judgment only.

The concept of community property having been introduced into Georgia law by judicial fiat in *Stokes,* it now becomes necessary

for us to (in effect) enact implementing legislation. In the present case, we hold that only property and assets acquired during the marriage are subject to equitable property division under *Stokes*. I agree that this limitation on *Stokes* is necessary so as not to give intolerable overbreadth to that already overly broad decision. However, the decision that we reach today is so patently legislative in nature that I must concur in the judgment only.