### 39119. WARNER et al. v. TRUST COMPANY BANK.

JORDAN, Chief Justice.

The only issue we address is the intention of the testatrix, Elizabeth R. Bliss, as expressed in the following clause of her will: "(b) If my husband is without sufficient income from this and all other sources to provide comfortably for his wants according to the style of living which we have enjoyed, or to meet any emergency, such as prolonged illness, which may affect him, then I authorize my Trustees to invade the principal to such an extent and so often as may be necessary to provide ample funds for these purposes. I wish my Trustees to be generous in the interpretation of this provision, as my chief purpose in placing this property in trust is to see that my husband is well cared for."

The clause under construction appeared in the context of a will expressing an intention of Mrs. Bliss not to leave to her husband, Colonel William C. Bliss, either the bulk of her estate or a general power to control the disposition of the bulk of her estate; rather, that most of her property was to pass to her relatives, as by his will his property was to pass to his relatives, as they had no children.

The trial court found and concluded that the intention of Mrs. Bliss as expressed in the subject clause of her will paralleled her expressed intention to not give her husband a general power of appointment over her property, and that Mrs. Bliss intended (because of the language she used) any invasion of the corpus under the clause now under construction to be limited strictly by standards relating only to the health, support and maintenance of Colonel Bliss which are clearly ascertainable from the common meanings of the words she employed in the subject clause. We agree and affirm the judgment of the trial court.

Because each will is its own law, we now address the words of the clause under construction both individually and collectively. *First Nat. Bank v. Robinson,* 209 Ga. 582, 586 (74 SE2d 875) (1953).

"If," though brief, is eloquent. *Nothing* is to transpire under the clause unless Colonel Bliss is "without." *Osborn v. Morrison,* 219 Ga. 169, 171 (132 SE2d 58) (1963). What he is to be "without" is "sufficient income" from *all* sources ("from this and all other sources") with which "to provide comfortably for his wants." We give to those words their ordinary and accepted meanings, no other meanings having been ascribed to them by the testatrix. *Gresham v. Gannon,* 243 Ga. 269, 270 (253 SE2d 748) (1979).

The appellants insist that the word "wants" is vague and fits anywhere along a continuum of meanings which starts with the concept of "needs" and ends with the concept of "desires" or "whims." Certainly this would be correct had the testatrix not limited the word "wants" by the phrases "according to the style of living which we have enjoyed" and "as may be necessary to provide ample funds for these purposes." In common English parlance, a "want" which is "necessary" for a narrowly specified purpose is a "need," not a "desire" or a "whim." The English language will admit of no other reasonable construction. The other end of appellants' posited continuum of possible meanings is cut away and cast adrift by the limiting words and phrases employed by Mrs. Bliss to express her intentions.

The intentions of Mrs. Bliss readily are ascertainable from the common dictionary meanings of her chosen words. See, *Trust Co. Bank v. Heyward,* 240 Ga. 557, 565 (242 SE2d 257) (1978). Not just any "want" is to authorize an invasion of the corpus. Only those "wants" (1) which are commensurate with "the style of living which we have enjoyed," and which also are (2) "necessary" for that purpose, are to be satisfied by invasion of the corpus, and such invasions of corpus are to occur only "if" Colonel Bliss is "without" any income sufficient for those purposes.

The fact that the trustees are enjoined to "provide comfortably" for these "wants" (which, born of necessity, must constitute "needs") by invading the corpus "to such an extent" and "often" to the end that "my husband is well cared for" does not remove the foregoing express limitations permitting invasion of the corpus only "if" Colonel Bliss is "without" funds from any source with which to provide for those wants necessary to his lifestyle, i.e., to provide his needs for his support and maintenance.

Appellants next insist that when Mrs. Bliss referred to "any emergency" she meant just that; no more, no less. However, this contention ignores, once again, a limiting phrase employed by the

testatrix. The invasion may not be for "any emergency"; rather, it *only* may be for "any emergency, such as prolonged illness." The existence and proper application of the rule of *ejusdem generis* is too well known to permit cavil. *Gilmore v. Gilmore,* 201 Ga. 770 (41 SE2d 229) (1947). The testatrix, speaking of the waning years of her husband's life after her death, provided for emergencies of later life "such as prolonged illness," i.e., health-related emergencies which might occur or recur until his death.

The trial court correctly ascertained from the words employed by the testatrix that invasions of corpus permitted to the trustees are strictly limited to those purposes specified in this opinion and to none other.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 1982.

*Warner & Mayoue, C. Wilbur Warner, Jr., Heyman & Sizemore, W. Dan Greer,* for appellants.

*Hansell, Post, Brandon & Dorsey, John H. Boman, Jr., Edward S. Grenwald, G. Conley Ingram, Robert G. Edge, James S. Hutchinson,* for appellee.