## 41120. GOODMAN v. GOODMAN.
(319 SE2d 455)

CLARKE, Justice.

Mrs. Goodman filed a suit for separate maintenance. In an order of August 1980, she was awarded as permanent alimony exclusive possession, use, title and ownership of the marital home. She was also awarded as periodic alimony $1,600 per month. In November 1983, Mr. Goodman filed for divorce and sought to enjoin his wife's disposing of the $66,000 derived from sale of the marital home. In his complaint he claimed that he was entitled to an equitable division of the

marital property and that the proceeds of the home were subject to his claim for alimony. However, the prayers in Mr. Goodman's complaint did not include a prayer for alimony. In February 1984, the trial court ordered the entire proceeds from the house released to Mrs. Goodman. Three weeks later Mr. Goodman amended his complaint for divorce to add a prayer for alimony.

Mr. Goodman appeals, arguing that his claim for alimony is not barred by the final order in the separate maintenance action and that he has a claim for equitable division of the proceeds from the sale of the marital home. We affirm.

OCGA § 19-6-10 provides for alimony when spouses are living separately but there is no action for divorce pending. The section further provides that an order for alimony in a subsequent divorce action shall be substituted for the order in the separate maintenance action. We are called upon to construe this code section. We begin with the proposition that an order in a separate maintenance action that a party pay periodic alimony to his spouse may be superseded by a final order to pay alimony in a divorce action. *Browne v. Browne*, 242 Ga. 107 (249 SE2d 594) (1978). In the present case, however, there was no claim by Mrs. Goodman for an alimony award differing from that awarded in the separate maintenance action and no prayer by Mr. Goodman for periodic alimony. If there is no prayer for alimony in the divorce case, the award in the separate maintenance case will stand. *Shepherd v. Shepherd*, 241 Ga. 484 (246 SE2d 183) (1978); *Cox v. Cox*, 197 Ga. 260 (29 SE2d 83) (1944). So the question before us is whether the award of the house as alimony, essentially lump sum alimony, is subject to a claim for equitable division.

The trial judge in a very thoughtful analysis compared this situation to cases in which this court has found that remarriage between the same parties does not negate division of property. *Moore v. Moore*, 249 Ga. 27 (287 SE2d 185) (1982); *Travis v. Travis*, 227 Ga. 406 (181 SE2d 61) (1971); *Shepherd v. Shepherd*, 223 Ga. 609 (157 SE2d 268) (1967). We find that only a periodic alimony award is affected by the subsequent award of alimony in a divorce case. Lump sum alimony or property division made in a separate maintenance action becomes part of the separate estate of the party to whom it is awarded. It is thus not subject to division under *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980). This does not mean that this property may not be considered in assessing the relative needs and ability to pay of the parties to the divorce action.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1984.

*Peters, Peebles, Broughman, Talley & Napier, Douglas N.*

*Peters,* for appellant.
*Helen J. Medlin,* for appellee.