42070. GOODMAN v. GOODMAN.
(334 SE2d 179)

HILL, Chief Justice.

The issue raised in this appeal is as follows: In a divorce suit instituted after the entry of a separate maintenance judgment, may a spouse seek equitable division of property held by the other spouse

---

[5] Effective July 1, 1985, this rule was changed. See Ga. L. 1985, pp. 637, 639.

under that judgment?[1]

This is the second appearance of this case in this court. See *Goodman v. Goodman*, 253 Ga. 281 (319 SE2d 455) (1984). The statement of facts which follows includes matters predating the prior appeal.

In 1979, the wife filed suit for separate maintenance. In 1980, a separate maintenance judgment and decree was entered awarding her, as permanent alimony: title to the marital home and its furnishings (including the obligation to pay the mortgage), title to an automobile, and $1600 per month. The judgment also provided that "Except as elsewhere herein provided, each party shall have permanent possession, use and ownership of all personalty now in his or her possession."

In 1983, the husband filed this suit for divorce and sought equitable division of the proceeds from the wife's sale of the house previously awarded to her. The trial court concluded that such proceeds were not subject to the husband's claim. We affirmed in *Goodman I*, supra.

Relying upon *Stokes v. Stokes*, supra, the wife then sought equitable division of her husband's profit sharing trust and his pension and stock option plans. The husband moved for partial summary judgment as to these items, contending that they were part of his separate estate, having been awarded to him in the 1980 separate maintenance judgment as "personalty" then in his possession. The trial court denied the husband's motion, reasoning that such personalty had not been awarded to him as alimony and hence was not part of his separate estate; i.e., such personalty acquired during the marriage was marital property and therefore subject to equitable division under *Stokes*. The court certified its order for immediate review and we granted the husband's application to appeal.

Thus, we are called upon to decide whether property expressly reserved to one spouse in a separate maintenance judgment remains marital property and is therefore subject to relitigation in a subsequent divorce suit. In *Goodman I*, supra, we said (253 Ga. at p. 282): "Lump sum alimony or property division made in a separate maintenance action becomes part of the separate estate of the party to whom it is awarded. It is thus not subject to division under *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980)." Having excluded from equitable division upon divorce the property she was awarded in the separate maintenance judgment, the wife will not be permitted to insist that property simultaneously awarded her husband is neverthe-

[1] Regarding equitable division of property, see *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980).

less subject to equitable division upon divorce. Once separated by judicial determination in a separate maintenance judgment, property becomes part of the separate estate of the party to whom it is awarded and it is not thereafter subject to equitable division in a later divorce action. *Goodman v. Goodman*, supra; compare *Moore v. Moore*, 249 Ga. 27 (287 SE2d 185) (1982).[2]

*Segars v. Brooks*, 248 Ga. 427 (284 SE2d 13) (1981), and *Owens v. Owens*, 248 Ga. 720 (286 SE2d 25) (1982), cited by the wife in support of her contention that there can be no property division absent a suit for divorce, are inapplicable here because in the case before us there was in fact a division of property in the separate maintenance judgment upon which the wife relied in *Goodman I* and of which she cannot now complain.

The wife cites OCGA § 19-6-12 for the proposition that the voluntary cohabitation of spouses, not divorced, subsequent to entry of a separate maintenance judgment, annuls and sets aside all provisions made by deed or decree in the separate maintenance action (except as to the rights of any children). From this she argues that property awarded in a separate maintenance judgment should remain marital property until a divorce is granted in order to protect creditors who have no notice of such voluntary cohabitation. On the contrary, creditors may look to the property division in a separate maintenance judgment, or its actual possession by a separated spouse, in extending credit to such spouse.[3] To permit relitigation of property division in a subsequent divorce action would jeopardize the rights of creditors and thereby impair the ability of legally separated spouses to obtain credit.

We therefore find that partial summary judgment should have been granted in favor of the husband upon the wife's claim for an equitable division of the personal property set aside to the husband in the separate maintenance decree.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 12, 1985.

*Peters, Peebles, Broughman, Talley & Napier, Douglas N. Pe-*

---

[2] Nothing said here is intended to decide whether property issues may be litigated in a divorce action where a prior separate maintenance judgment did not adjudicate those issues (e.g., where the wife was awarded only periodic separate maintenance payments). As for relitigation in a divorce action of periodic separate maintenance payments, see *Goodman I*, supra; *Browne v. Browne*, 242 Ga. 107 (249 SE2d 594) (1978); *Shepherd v. Shepherd*, 233 Ga. 228, 231 (210 SE2d 731) (1974).

[3] For example, if the marital home in this case had not become the separate property of the wife by virtue of the separate maintenance judgment, i.e., if it had remained subject to equitable division upon divorce, she could not have sold it.