44285. GOODMAN v. GOODMAN.
(355 SE2d 62)

MARSHALL, Chief Justice.

The 1980 separate-maintenance judgment obtained by the appellant-wife pursuant to OCGA § 19-6-10, in addition to awarding her permanent alimony, provided inter alia that "[e]xcept as elsewhere herein provided, each party shall have permanent possession, use and ownership of all personalty now in his or her possession."

In *Goodman v. Goodman*, 253 Ga. 281 (319 SE2d 455) (1984) (*Goodman I*), this court held that, in the 1983 divorce action by the

husband (the present appellee), the proceeds from the wife's sale of the house previously awarded her as permanent alimony in the separate-maintenance judgment, were not subject to the husband's equitable-division claim. In *Goodman v. Goodman*, 254 Ga. 703 (334 SE2d 179) (1985) (*Goodman II*), we held that the husband's profit-sharing trust and his pension and stock-option plans — which had been awarded to him in the separate-maintenance judgment as "personalty" then in his possession — were not subject to the wife's equitable-division claim.

In her responsive pleadings in the divorce action, the wife requested a jury trial on the issue of equitable division of certain property alleged to have come into the marriage since the 1980 separate-maintenance judgment, including further contributions to the husband's profit-sharing, pension and stock-option plans, as well as "perhaps" to their joint savings account; and the wife's payment of "a lot" of the joint debts of the parties and her payment of the premiums on his life and automobile insurance policies.

The wife appeals from the divorce decree, enumerating as error the finding therein that "all issues of permanent alimony and property division have been decided by the [1980 separate-maintenance judgment], and said judgment and decree remains in full force and effect." *Held*:

"*Segars v. Brooks*, 248 Ga. 427 (284 SE2d 13) (1981), and *Owens v. Owens*, 248 Ga. 720 (286 SE2d 25) (1982), cited by the wife in support of her contention that there can be no property division absent a suit for divorce, are inapplicable here because in the case before us there was in fact a division of property in the separate[-]maintenance judgment upon which the wife relied in *Goodman I* and of which she cannot now complain." *Goodman II*, 254 Ga. 703, supra, p. 705. (We do not quibble over the terminology applied to property divisions in separate-maintenance judgments vis-a-vis in divorce decrees, as they are both done pursuant to equitable principles.)

In both *Goodman I* and *Goodman II*, supra, this court held that property awarded in a separate-maintenance judgment became the property of the separate estate of the party to whom it was awarded, and thus was not subject to equitable division under *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980).

The wife argues that she is not seeking a division of the *appreciation* in the existing balance in the retirement accounts involved in *Goodman II*, supra, since the separate-maintenance judgment, but rather of propert ' (including employer and employee contributions to deferred-compen. ation accounts, stock-option plans, and other assets) acquired *after* the 1980 separate-maintenance judgment, which therefore could not have been "personalty [then] in his . . . possession" so as to be subject to equitable division, even if there could be equitable

division in a separate-maintenance judgment.

The husband argues that the wife is merely relabeling and recharacterizing the assets adjudicated in *Goodman II*, supra; that what in fact is being sought is equitable division of the appreciation of these assets during the parties' marriage; and that, since there is no evidence that any such appreciation was caused by efforts of the husband, it is not a marital asset subject to equitable distribution, citing *Halpern v. Halpern*, 256 Ga. 639 (352 SE2d 753) (1987).

Even assuming that some or all of the property in question is not that which was the subject of *Goodman II*, supra, we hold that it was not marital property subject to equitable division, regardless of whether it be categorized as newly acquired assets or as appreciation of previously awarded assets. Georgia does not have a statute which defines separate property. Through various holdings of this court, separate property has been defined to include: property belonging to one party before the marriage (*Moore v. Moore*, 249 Ga. 27 (287 SE2d 185) (1982)); property acquired by gift, bequest, or devise (*Bailey v. Bailey*, 250 Ga. 15 (295 SE2d 304) (1982)); property awarded to a spouse by a separate-maintenance judgment (*Goodman I* and *II*, supra); and the appreciation, during the marriage, of separate property when appreciation was not a result of the efforts of the spouse owning said property and for which he was not otherwise compensated (*Halpern v. Halpern*, supra).

The State of New York defines "marital property" as all property acquired by either or both spouses during the marriage *and before the execution of a separation agreement or the commencement of a "matrimonial action,"* which is defined, in part, as an action for annulment, divorce, or *separation*. N.Y. Dom. Rel. Law, §§ 236 B (1) (c), 236 B (2). Approximately 18 states have, by statute or by case law, specifically excluded from the definitions of marital property, that property acquired by a spouse subsequent to a decree of legal separation.[1]

The rationale supporting these statutes and cases from equitable-division jurisdictions is clear. Once the family no longer operates as a

---

[1] *Alaska*: *Schanck v. Schanck*, 717 P2d 1 (Alaska 1986); *Arkansas*: Ark. Stat. Ann., § 34-1214 (1985); *California*: Cal. Civil Code, § 5119 (West Supp. 1983); *Colorado*: Colo. Rev. Stat., § 14-10-113 (2) (c) (1973); *Illinois*: Ill. Ann. Stat., Ch. 40, § 503 (a) (3) (Smith-Hurt) (1985); *Indiana*: Ind. Code 1971, § 31-1-11.5-11 (Cum. Supp. 1986); *Kentucky*: Ky. Rev. Stat. Ann., § 403.190 (2) (c) (Bobbs-Merrill) (1986); *Maine*: Me. Rev. Stat. Ann., Title 19, § 722 - (A) (2) (c) (1981); *Minnesota*: Minn. Stat. Ann., § 518.54 (5(d)) (West 1987); *Missouri*: Mo. Ann. Stat., § 452.330(2) 3 (Vernon 1986); *New Jersey*: *Carlsen v. Carlsen*, 72 N.J. 363 (371 A2d 8) (1977); *New Mexico*: N.M. Stat. Ann., § 40-3-8 (A) (2) (1986); *New York*: N.Y. Dom. Rel. Law, § 236 (B) (1) (c) (McKinney 1986); *North Carolina*: N.C. Gen. Stat., § 50-20 (b) (1) (Supp. 1985); *Pennsylvania*: 23 Pa. Stat., § 401 (e) (4) (Purdon 1986); *Virginia*: Va. Code, § 20-107.3 (A) (2) (1986 Cum. Supp.); *Washington*: Wash. Rev. Code Ann., § 26.16.140; *West Virginia*: W.Va. Code, § 48-2-1 (f) (5) (1986).

unit, working and contributing to and for the good of the marital estate, the basis for equitable division of property is removed. The property acquired by each spouse is thenceforth a result of that spouse's sole industry, without support or contribution — financially, morally or otherwise — from the other spouse.

In the instant case, the appellant-wife has made no contribution to the marriage since the entry of the separate-maintenance judgment she obtained. The activities which she has offered in furtherance of her "continuing family unit" argument are activities and responsibilities which were required by the separate-maintenance judgment itself, compliance with which cannot fairly or equitably be considered as functioning as a family unit.

Accordingly, we hold that the trial court did not err in denying the requested equitable division of property.

*Judgment affirmed. All the Justices concur.*

### Decided April 29, 1987.

*Hurt, Richardson, Garner, Todd & Cadenhead, Pierre Howard, Jr., Emily S. Bair, Elizabeth Bentley Watson,* for appellant.

*Simmons, Warren & Szczecko, Marc A. Astore, Peters, Peebles, Talley, Townsend, Burns & Millender, Douglas N. Peters,* for appellee.