S90A0612. WRIGHT v. TRUST COMPANY BANK OF NORTHWEST GEORGIA et al.
(396 SE2d 213)

BENHAM, Justice.

Appellant Alicia Cooper Wright, the beneficiary and co-trustee of a residual estate trust created by her father, sought the approval of the co-trustee, appellee Trust Company Bank, of her request to encroach into the trust principal in order that she might purchase her husband's one-half interest in certain real estate jointly owned by appellant and her husband. When the remainder beneficiaries of the trust, appellant's children, objected to the requested encroachment, Trust Company filed a petition in superior court seeking construction of the portions of the will establishing the trust, equitable direction, and declaratory judgment. Holding that the trust permitted encroachments for purposes related to appellant's health, maintenance, and support only and that appellant was seeking an encroachment for investment purposes, the trial court ruled that the requested encroachment was not authorized by the trust. This appeal followed that ruling.

In his will, appellant's father created the trust "primarily for the benefit of [his] daughter" and directed the trustees to pay appellant during her lifetime the net income derived from the trust. He also provided that

> [i]n event the income payable to my said daughter . . . from said [trust], in the opinion of the Trustees . . . should be insufficient at any time or times to meet any reasonable need of any kind or character of my said daughter that she might experience, the Trustees . . . are hereby expressly authorized and empowered to encroach upon the corpus or principal of

> said [trust] at any time or times, in any amount or amounts
> as the Trustees . . . may deem necessary to meet such need
> or needs of my said daughter. . . .

The will provided that, upon the death of appellant, the trust principal was to be divided among appellant's husband and her children.

1. We agree with the trial court's finding that the testamentary language authorizing encroachment should the trust income be insufficient "to meet any reasonable need" of appellant is ambiguous with regard to the scope of the encroachment authority. See *Hix v. Hix*, 223 Ga. 50 (153 SE2d 440) (1967). Thus, the trial court had a statutory duty to "seek diligently for the intention of the testator and . . . give effect to the same as far as it may be consistent with the rules of law" (OCGA § 53-2-91), and was authorized to "hear parol evidence . . . to explain all ambiguities. . . ." OCGA § 53-2-94.

> 2. As a noun the word "need" is defined as meaning a state
> or condition requiring supply or relief; exigency; urgent
> exigency; necessity; poverty; indigence; destitution; pressing occasion for something; urgent want; want of the
> means of subsistence; all that one requires for relief. In a
> milder sense, the lack of anything desired or useful. [65
> CJS 390, Need.]

In *Warner v. Trust Co. Bank*, 250 Ga. 204, 205 (296 SE2d 553) (1982), this court recognized the more restrictive definition of the term "need." We now hold that the term "need" refers to the beneficiary's health, maintenance, and support consistent with the beneficiary's accustomed manner of living, but may include other areas *if* specific provision is made therefor in the will. See *Warner*, supra. Inasmuch as appellant sought encroachment to make an investment, the trial court did not err in finding that such an encroachment was not authorized by the trust.

This result also comports with the intent of the testator in the case at bar. Appellant's testimony that her father had always made the family investments and that she had always been guided by her father, her husband, or a trust when it came to investments, coupled with the provision of a corporate co-trustee to guide trust investment decisions evidence the testator's intent that appellant not encroach upon the trust principal for investment purposes.

3. Appellant contends that the testator's language that the trust was "created primarily for the benefit of [appellant]" permits a general encroachment on the trust corpus, and is not limited to encroachment for appellant's health, support or maintenance. Such an argument, however, ignores the testator's express limitation that

encroachment occur only to meet "any reasonable need" of appellant for which the trust income was insufficient. Since the power to encroach and the mode of its exercise had the effect of cutting off the remaindermen, it must be strictly construed. *Cochran v. Groover*, 156 Ga. 323, 339 (118 SE 865) (1923).

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

DECIDED SEPTEMBER 27, 1990.

*Brinson, Askew & Berry, Robert L. Berry, Jr., Mark M. J. Webb,* for appellant.

*Shaw, Maddox, Graham, Monk & Harris, John M. Graham III, Jo H. Stegall III, Sutherland, Asbill & Brennan, Larry J. White, Robert B. Smith, Jones, Morgan, & Byington, Dwight Payne,* for appellees.