## S96A1301. BARNES v. NATIONSBANK, N.A. et al.
### (476 SE2d 563)

CARLEY, Justice.

This case involves construction of the will of the late A. E. Barnes, Jr. (Testator). A. E. Barnes III is the son of Testator. A. E. Barnes IV and Nancy Barnes Howard are the children of Barnes III and, consequently, are the grandchildren of Testator. The provisions of Testator's will which are relevant to this case created a testamentary trust for the benefit of Barnes III as the "primary beneficiary." NationsBank was named as the Trustee. After Barnes III filed a bankruptcy petition, Trustee proposed to disburse to him $6,368 a month from the trust in order that he continue to live in the style to which he is accustomed. Barnes IV and Howard opposed the proposed disbursement, on the ground that it was excessive and would deplete the trust's assets. Trustee sought a declaratory judgment as to whether it could make the proposed distribution to Barnes III or, alternatively, divide the trust between him and his children pursuant to OCGA § 53-12-152 (b). The trial court determined that the trust should be divided and this Court granted Barnes III's application for an interlocutory appeal. Because we hold that Testator did not intend to provide for the support of his emancipated grandchil-

dren while their father is alive, we reverse the judgment of the trial court.

"The will leaves the testator's property to a trustee, but the intervention of a trustee does not prevent application of the usual rules of construction. . . . [Cits.]" *Lane v. C & S Nat. Bank*, 195 Ga. 828, 833 (25 SE2d 800) (1943). In the construction of a will, the primary object of inquiry is as to the intention of the testator, "and this is to be sought for by looking to the whole will, and not to detached parts of it, and when so ascertained, shall be given effect as far as may be consistent with the rules of law. [Cits.]" *Love v. McManus*, 208 Ga. 447, 450 (67 SE2d 218) (1951).

The applicable portion of the will provides generally for Barnes III's support in the style to which he is accustomed until his death, but contains two specific provisions making reference to the support of Barnes III's children. The first provision is found in Item IX (e) and is applicable during Barnes III's lifetime. However, this provision concludes with the direction that, in exercising its discretion, the Trustee shall take into account Testator's desire that Barnes III be supported and maintained "and *his dependents* supported, educated and maintained in the style to which they have become accustomed, to the extent that it is reasonably possible for the Trustee to do so." (Emphasis supplied.) This provision cannot be relied upon by Barnes IV and Howard because they have become emancipated and are no longer Barnes III's "dependents." The second provision is found in Item IX (h) and applies subsequent to Barnes III's death, until Barnes IV and Howard reach a certain age and receive distribution of their respective shares. However, because Barnes III is still in life, this provision does not support the contention of Barnes IV and Howard that they have a present interest in the income or corpus of the trust. The entitlement of Barnes IV and Howard to support from the trust is not extended beyond the scope of these two provisions merely because the will also authorizes the Trustee to use the income and principal for the support of Barnes III and of his children. The purpose of such a provision is merely to grant Trustee the discretion to encroach on the corpus of the trust prior to distribution. See *Ivey v. Grogan*, 241 Ga. 175 (243 SE2d 874) (1978). Furthermore, if Testator intended for his emancipated grandchildren to be supported from the trust while their father was still alive, then upon Barnes III's death, either no division of the corpus would be necessary or only a division of Barnes III's share would be required. See *Folsom v. First Nat. Bank of Atlanta*, 246 Ga. 320 (271 SE2d 461) (1980). Instead, the will provides that, upon Barnes III's death, the *property in his trust* shall be divided into as many separate and equal shares as he has children. Having examined the whole will, we conclude that Barnes III's emancipated children have only a remainder interest in the trust

estate.

This conclusion is consistent with the general usage of the term "primary beneficiary." In the life insurance context, "primary beneficiary" means the person who receives the policy proceeds if he is still alive when the insured dies. Otherwise, the proceeds are payable to the "secondary beneficiary." Black's Law Dictionary, p. 1071 (5th ed. 1979). Although no Georgia case has directly addressed the meaning of the term "primary beneficiary," it has been used to refer to the person who benefits from the trust until his death, to the exclusion of the remainder beneficiaries. *Folsom v. First Nat. Bank of Atlanta*, supra. See also *Wright v. Trust Co. Bank of Northwest Ga.*, 260 Ga. 414 (396 SE2d 213) (1990); *DeLoach v. Miller*, 157 Ga. App. 229 (276 SE2d 897) (1981).

By its terms, OCGA § 53-12-152 (b) prohibits division of the trust unless such a division would be consistent with the testator's intent and would be in the best interest of all beneficiaries without materially impairing their respective interests. A division of a testamentary trust between the primary beneficiary and the remainder beneficiaries manifestly would be inconsistent with the testator's intent and materially impair the interest of the primary beneficiary. Accordingly, the trial court erred in approving the division of the trust between Barnes III, as the primary beneficiary, and Barnes IV and Howard, as the remainder beneficiaries.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 7, 1996 —
RECONSIDERATION DENIED OCTOBER 31, 1996.

*Hicks, Maloof & Campbell, Robert E. Hicks, Charles E. Campbell, John M. Levengood, Carla I. Strobl,* for appellant.

*Alston & Bird, Ben F. Johnson III, G. Conley Ingram, Harris & James, John B. Harris, Jr.,* for appellees.