## 38924. BAILEY v. BAILEY.

GREGORY, Justice.

The parties were granted a divorce. The only issue which remained was appellant's prayer for equitable division of the following property: (1) a 1979 Pontiac Grand Prix, titled in appellee's mother's name, which the mother gave to appellee for his use prior to the parties' marriage; (2) the parties' marital residence, purchased by appellee's mother with the proceeds of a life insurance policy on appellee's deceased father, which is titled in appellee's name only, and which the mother intended to give to appellee alone.

The trial judge granted the husband summary judgment because he concluded that the above items were "separate property" under Code Ann. § 53-502 rather than "marital property" and, therefore, not subject to equitable property division as a matter of law. See *Moore v. Moore,* 249 Ga. 27 (287 SE2d 185) (1982); *Stokes v. Stokes,* 246 Ga. 765 (273 SE2d 169) (1980). Appellant argues that the trial judge erred in granting summary judgment. We affirm.

This case does not involve awards of alimony, only the equitable division of the property set forth above.

We are not concerned here with identifying the precise ownership interests in the automobile in this case. It is clear that whatever interest these parties had in the car was not acquired during the marriage. Because that property interest was brought into the marriage by appellee, it is not subject to equitable property division. *Moore v. Moore,* 249 Ga. 27 (2), supra.

It is equally clear that appellant may claim no equitable interest in the marital residence at issue here. Neither party made any contributions towards the acquisition of this property. It was given to appellee alone during the time of the marriage. We now hold that property acquired during the marriage by either party by gift, inheritance, bequest or devise remains the separate property of the party that acquired it, and is not subject to equitable division. See, *Stokes v. Stokes,* 246 Ga. 765 (concurring opinion of Hill, Justice) (1980).

Because there was no conflict in the evidence presented to the trial judge on these questions, he properly granted summary judgment.

*Judgment affirmed. All the Justices concur, except Marshall, J., who concurs in the judgment only.*

DECIDED SEPTEMBER 23, 1982 —
REHEARING DENIED OCTOBER 5, 1982.

*Spivey, Carlton & Edenfield, J. Franklin Edenfield,* for appellant.
*Jerry N. Cadle,* for appellee.