OPINION OF THE COURT
Lucille Polk Buell, J.
Defendant seeks an order compelling plaintiff, an attorney, to produce for examination by defendant’s expert, his outstanding negligence litigation files as of December 31, 1983, a list of his outstanding cases as of that date referred by plaintiff to other counsel and billing documentation. Defendant contends the information contained in the material set forth above is necessary to properly determine the value of plaintiff’s law practice. Plaintiff seeks a protective order prohibiting production of his outstanding negligence litigation files as of December 31, 1983 upon the ground that disclosure would violate the confidentiality of the attorney-client relationship.
A law practice is a proper subject for a distributive award. (Litman v Litman, 93 AD2d 695 [2d Dept 1983], affd 61 NY2d 918 [1984].) In fashioning a distributive award, the court will be guided by expert testimony regarding the economic value *740 of the law practice. (Litman v Litman, supra.) The courts are sensitive to the difficulties inherent in evaluating a negligence practice and the reluctance of an attorney in permitting a third party to examine his files. However, plaintiff offers no alternative method to establish the value of his outstanding cases.
Defendant and her experts are directed to maintain the confidentiality of plaintiffs files and no information contained in the files shall be utilized for any purpose other than determining the value of plaintiffs law practice.
Plaintiffs application to limit the production of negligence litigation files to those existing on July 21, 1983, the date of commencement of the divorce action, is granted. July 21, 1983 is the date of termination for the acquisition of marital property. (Domestic Relations Law § 236 [B] [1] [c].)
Plaintiff is directed to produce at his examination before trial the material listed in defendant’s item 18 of schedule A annexed to defendant’s notice to take deposition upon oral examination dated June 26, 1985.
Both parties’ applications for counsel fees on the motion and cross motion are denied.
(On Reargument, October 16, 1985)
By order dated September 12, 1985, this court granted defendant’s motion to compel disclosure of plaintiffs outstanding negligence litigation files for an evaluation by defendant’s expert. In the instant motion, plaintiff moves for leave to renew and reargue the prior order of this court.
Although this motion is captioned as a motion to renew and reargue, the affidavit in support of the motion sets forth no new facts and the motion is in actuality a motion to reargue. The motion to reargue is granted. In order to address the stated concerns of plaintiff as to the confidentiality of his outstanding negligence litigation files, the order dated September 12, 1985 is amended as follows:
The examination of plaintiffs case files shall be conducted by defendant’s expert in plaintiffs office or such other place as mutually agreed upon between the parties. Defendant’s expert shall be an attorney admitted to practice in the State of New York whose practice includes negligence law. No other individual shall accompany defendant’s expert during his inspection of plaintiffs case files. Plaintiff or his representative may be present during the inspection.
*741 Defendant’s expert shall be restrained and permanently enjoined from disclosing any information, not previously made public by plaintiff, contained in plaintiffs case files for any purpose beyond that necessary for the evaluation of plaintiffs law practice. In addition, defendant’s expert shall be restrained and permanently enjoined from revealing the name of any party to any action in which a court index number has not been obtained and shall refer to these case files by a method of identification other than the names of the parties. Prior to the inspection by defendant’s expert, plaintiff may, if so advised, redact the names of the parties from his case files in which a court index number has not been obtained.
The official court files in any action in which a court index number has been obtained will contain the names of the parties as well as any motion papers in the action and may contain copies of the pleadings. Inasmuch as the official court files, other than matrimonial files, are open for public inspection, the disclosure of such public information need not be restricted.
Plaintiff may remove from his outstanding negligence litigation files any correspondence, personal notes or other material which would be excludable from evidence pursuant to CPLR 4503. Plaintiff shall maintain a separate identifiable file until the conclusion of the trial of this action containing any material he has removed from his files.
Plaintiff has provided no viable alternate method of evaluating his law practice than one including an evaluation of his outstanding negligence litigation files by defendant’s expert.
Defendant’s application for attorney’s fees and costs on the motion is denied.