## 42948. CAMPBELL v. CAMPBELL.
### (339 SE2d 591)

CLARKE, Justice.

This domestic case presents the question whether a settlement for a personal injury claim is subject to equitable division as a marital asset. The parties were divorced following a bench trial. The court found that the parties had amicably divided all obligations and all personal property, and that each had equity in the marital home in the amount of $12,000. The court noted that the only contested issue was whether a settlement in the amount of $14,000 arising from a personal injury to the husband was a divisible asset. Finding that the property was acquired during the marriage and was neither a gift, bequest, devise or inheritance, the court found it divisible. However, the court also found that the husband had appropriated the entire amount of the settlement to his own use and had been so evasive that the court was unable to fully understand the economic circumstances of the parties. Therefore, the court granted full title to the marital home to the wife. We reverse.

The settlement check in question was made payable to both par-

ties. Both parties signed the release. The settlement was for injuries suffered by husband in an automobile accident which left him permanently disabled. He receives $135 in workers' compensation benefits and has no other income. Evidence at trial indicated that the parties had lived in separate residences since the accident but had kept their lives separate for several years before that to the extent of sleeping and eating separately, keeping separate accounts and paying bills separately with money each earned.

In *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980), this court formally recognized the authority of a trier of fact to award property to a spouse in a domestic case not as alimony but as an equitable division of property. Guidelines for equitable division set out in the concurring opinion of Chief Justice Hill started with the premise that the separate property of each spouse at the time of the marriage or inherited during the marriage should be awarded to that spouse. In *Moore v. Moore*, 249 Ga. 27 (287 SE2d 185) (1982), and *Bailey v. Bailey*, 250 Ga. 15 (295 SE2d 304) (1982), we further defined the separate estate of a spouse to include property received by gift, bequest or devise during the marriage. However, in *White v. White*, 253 Ga. 267 (319 SE2d 447) (1984), we refused to expand the concept of the separate estate to include insurance, annuity and retirement benefits which vested in the wife upon the husband's death. In that case the husband died after the divorce decree but before the issue of equitable division was resolved, and his estate was substituted as a party.

An analysis of the question presently before us begins with an understanding of the purpose behind the doctrine of equitable division of property. This purpose is to assure that property accumulated during the marriage be fairly distributed between the parties. Although property not accumulated during the marriage and belonging to one or the other party may be taken into account in deciding questions of alimony and, indeed, the equities of the division of the marital assets, this separate property is itself not subject to division. The property which we have found to be outside the marital estate is property which is very personal to the party to whom it belongs and property which was in no sense generated by the marriage. A personal injury claim settlement, to the extent that it represents compensation for pain and suffering and loss of capacity, is peculiarly personal to the party who receives it. For the other party to benefit from the misfortune of the injured party would be unfair. However, to the extent that the settlement amount represents compensation for medical expenses or lost wages during the marriage, the settlement may be considered an asset of the marriage. Any amount which is attributable to loss of consortium is not an asset of the marriage but is the estate of the spouse who suffered the loss of consortium.

Therefore, we reverse the judgment and remand the case to the

trial court for a retrial of the issues of the equitable division of the house and the settlement check in accordance with the holding of this opinion.

*Reversed and remanded with direction. All the Justices concur, except Weltner, J., who dissents.*

WELTNER, Justice, dissenting.

I respectfully dissent, and would not, in this case, depart from the rule expressed in *Bailey v. Bailey*, 250 Ga. 15 (295 SE2d 304) (1982).

More than anything else, perhaps, we need a clear rule, which can be applied in almost every circumstance. That is what *Bailey* undertook to provide.

Now, we are requiring a court to take a lump sum settlement of a few thousand dollars and parse it according to what it might represent. As I understand the majority opinion, so much of the $14,000 settlement as represents lost *past* wages or reimbursement of expenses is subject to equitable division. On the other hand, so much of the $14,000 as represents pain and suffering (including physical pain, pain and suffering arising from diminished capacity to labor, and mental anguish not otherwise delineated) is *not* subject to division. Additionally, the court must determine how much of the $14,000 is attributable to the loss of consortium claim on the part of the former wife, which, as I understand it, is to be her separate property and not capable of division.

There is this additional complication, however. The award *may* include lost *future wages,* which could be for a determined period of disability, or it could be for a permanent impairment of capacity to labor. Because any such factor has been reduced to a present sum of money, the court must discern (upon determining that the $14,000 includes either of those two factors) just how much is attributable to that period of time during the existence of and prior to the termination of the marriage. (Logically, of course, sums attributable to post-divorce future earnings could not be counted as a marital asset.) Additionally, all of the usual considerations relative to the reduction of a future entitlement to a present cash value must be applied.

That is simply too complex.

DECIDED FEBRUARY 19, 1986.

*Edwards & Krontz, Jennifer McLeod, Robert B. Edwards,* for appellant.

*Virginia B. Garrett,* for appellee.