## 43093. COURTNEY v. COURTNEY.
### (344 SE2d 421)

HUNT, Justice.

We granted this interlocutory appeal to address for the first time whether unvested retirement funds are subject to claims for alimony or equitable division of property, and, if not, whether evidence concerning them is otherwise relevant. The trial court denied the husband's motion in limine urging exclusion of any evidence of his unvested retirement plan.

The parties were married for eighteen years and have two children still in their minority. The wife filed for divorce seeking their custody, child support, alimony and equitable division of the marital assets. The husband denied her claim for alimony, and contended in his motion in limine that his unvested retirement plan was not subject to the wife's alimony or equitable division claims, and that, therefore, any evidence of it was inadmissible.

The husband is an agent for the Federal Bureau of Investigation and has contributed $38,691.23 toward his retirement plan. This money is his and may be withdrawn by him at any time he chooses to resign or retire. He concedes that this fund is a marital asset subject to the wife's equitable division and alimony claims. See *White v. White,* 253 Ga. 267, 269 (319 SE2d 447) (1984).

Benefits under the husband's retirement plan, however, have not yet vested. Vesting will occur after 20 years of service, and the attainment of age 50. He is 47 and has completed 17 years. Thus, in this case, the conditions for vesting have been very nearly satisfied during the marriage.

1. Alimony is defined in OCGA § 19-6-1 (a) as "an allowance out of one party's estate, made for the support of the other party when living separately." Subsection (c) goes on to provide that "alimony is authorized, but not required, to be awarded to either party in accordance with the needs of the party and the ability of the other party to pay." In addition, OCGA § 19-6-5 (a) sets out factors to be considered in determining the appropriate amount of alimony to be awarded, including the parties' standard of living, the duration of the marriage,

the age and condition of the parties, their financial resources, the time and training necessary for either party to acquire employment skills, and the contributions of each party to the marriage. Under these statutes, it is clear that the fact of potential retirement benefits falls among these considerations and is relevant to the alimony issue. *Mullinax v. Mullinax*, 234 Ga. 553 (216 SE2d 802) (1975). Compare *Stumpf v. Stumpf*, 249 Ga. 759, 761 (294 SE2d 488) (1982), where we held that evidence of military retirement benefits already being collected by the husband was relevant and admissible on the alimony issue.

With evidence before it concerning the length of the marriage, the contributions made by the wife in furtherance of the husband's career and the conditions which must be satisfied before the retirement benefits become vested, the jury can decide whether or not an alimony award is in order and the amount to be paid. Whether lump sum or periodic, any such award may reflect the jury's consideration of the husband's potential retirement benefits. *Baldree v. Baldree*, 251 Ga. 481, 482 (306 SE2d 654) (1983). Thus, we find the evidence relevant and admissible as to alimony.

2. We next turn to the question of equitable division of property. In *Stokes v. Stokes*, 246 Ga. 765, 771 (273 SE2d 169) (1980), we made clear that "this court has approved the award to a spouse, either husband or wife, of property, both real and personal, held in the name of the other spouse, not as alimony but as equitable division of property." The concurring opinion refers to separate and marital property; the former is not subject to equitable division, OCGA § 19-3-9, while the latter is, *Bailey v. Bailey*, 250 Ga. 15 (295 SE2d 304) (1982), *Moore v. Moore*, 249 Ga. 27 (287 SE2d 185) (1982). Marital property is that property "acquired as a direct result of the labor and investments of the [parties] during the course of the marriage. . . ." *White v. White*, supra, 253 Ga. at 269. Marital property subject to equitable division in the *White*, supra, case included insurance policies, joint savings accounts, annuity benefits, and contributions in the deceased husband's retirement account. We reiterate that the husband concedes that the more than $38,000 contributed by him to his retirement plan in this case is marital property subject to equitable division. We move on to the as yet unvested benefits.

The husband argues that any unvested retirement benefits are speculative at best and therefore little more than a bare expectancy not subject to equitable property division. He relies on *Meeks v. Kirkland*, 228 Ga. 607 (187 SE2d 296) (1972), where we held that the possibility of a future inheritance was too speculative in nature to be awarded as future alimony. We find, however, that a retirement plan, while admittedly unvested, is nevertheless an important contractual right, which will become a reality upon satisfaction of certain condi-

tions. Thus, it is far less speculative in nature than the possibility of an inheritance, and we cannot agree with the husband that it should play no part in the jury's consideration of the distribution of the marital property. In *Janssen v. Janssen*, 331 NW2d 752, 754 (Minn. 1983), the Supreme Court of Minnesota reached this same conclusion after observing that this result was forecast by the plethora of cases across the country holding that unvested benefits are choses in action, i.e., personal property, for other purposes.

The wife, on the other hand, asserts that her efforts toward the furtherance of her husband's career contributed to the accumulation of these retirement benefits, and that these efforts were made with the expectation that these retirement benefits would provide her with some measure of personal security and future well-being. We are also not unmindful of the many households in which this expectation is in reality the only significant asset of the marriage. We find persuasive that the Delaware Supreme Court, faced with this same question in 1981, surveyed cases across the country, and concluded that the recent trend is to treat both vested and unvested pension benefits as marital property. *Robert C. S. v. Barbara J. S.*, 434 A2d 383 (Del. 1981); Ann., 94 ALR3d 176 at § 13 (1979 and supp. 1985). Therefore, because these benefits are an important asset of the marital relationship, we hold that insofar as they are acquired during the marriage, unvested retirement benefits are marital property subject to equitable division.

We point out here that the actual contributions of the spouse who is not earning the retirement benefits, the number of years of the marriage in which such contributions were made, the degree to which there has been reliance on the expectation of these future benefits, and other factual variables are matters of evidence for and argument to the fact-finder for consideration in apportioning this marital asset.

3. The trial court properly denied the husband's motion in limine. The facts regarding his unvested retirement benefits are relevant and admissible, and the benefits are subject to the wife's claims for alimony and equitable division.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 25, 1986.

*Peters, Peebles, Talley, Townsend, Burns & Millender, Donald N. Peters,* for appellant.

*Frank W. Virgin,* for appellee.