43791. HALPERN v. HALPERN.
(352 SE2d 753)

MARSHALL, Chief Justice.

This is a divorce proceeding filed by the appellant-wife. In her complaint, she has requested, among other things, an equitable division of the appreciation during the parties' marriage in the value of stock in a closely held corporation titled in the husband and received by him by gift and inheritance for the most part prior to the parties' marriage. The superior court granted a motion for partial summary judgment filed by the appellee-husband, ruling that such stock appreciation is not subject to the wife's equitable property-division claim. We granted her application for discretionary appeal. For reasons which follow, we affirm.

In addition to what has been stated in the preceding paragraph, the facts, as established by the evidence, are these: The parties were married in 1977, and there are no children of the marriage. The divorce complaint was filed by the appellant in 1985. In 1979, the appellee began working for Halpern Enterprises, Inc. (HEI), a real estate development corporation incorporated by the appellee's father in 1972. HEI owns and manages certain shopping centers. The stock in this corporation is owned by the appellee, his sister, his mother, and his three brothers. All of these family members are officers of the cor-

poration and all of them are corporate employees. The appellee owns somewhat less than 8 % of the common stock of the corporation and 4.8% of the voting stock. His responsibilities as a corporate employee are for repair and maintenance of corporate property. For this, he has received an income in excess of $100,000 per year. No dividends have been paid on the stock. At no time during the parties' marriage has the appellee loaned the corporation any money or made any capital contributions to the corporation. The appellant has contributed no capital or services to the corporation, except that she was employed by the corporation in a single business transaction for which a company owned by her was paid. During the parties' marriage, they have accumulated substantial marital property including a home, furnishings, two limited partnerships, and the appellant's business.

In its order granting the appellee's motion for partial summary judgment, the superior court ruled that the undisputed facts in this case show that the income received by the appellee for his services to the corporation constituted a reasonable income as compensation for such services. The court further ruled there was no evidence that appellee contributed to the appreciation in the value of HEI stock. The court concluded that any appreciation in the corporate stock during the parties' marriage is not marital property. *Held*:

In *Stokes v. Stokes*, 246 Ga. 765, 768 (3) (273 SE2d 169) (1980), this court held that in a divorce case the jury is authorized to award one spouse property titled in the name of the other spouse where the only basis for the award is "equitable division of property." In *Moore v. Moore*, 249 Ga. 27, 28 (2) (287 SE2d 185) (1982), the court, adopting then Justice Hill's concurrence in *Stokes*, held that "only the real and personal property and assets acquired by the parties during marriage is subject to equitable property division." In *Bailey v. Bailey*, 250 Ga. 15 (295 SE2d 304) (1982), in further adoption of Justice Hill's concurrence in *Stokes*, the court held "that property acquired during the marriage by either party by gift, inheritance, bequest or devise remains the separate property of the party that acquired it, and is not subject to equitable division."

However, this is the first occasion we have had to address the question of whether the appreciation during the parties' marriage in the value of property acquired by one spouse by gift or inheritance prior to or during the marriage is subject to equitable division. As to this question, we find to be persuasive the reasoning of the New York appellate court.

Where appreciation in the husband's family business, managed by him before and during the marriage, was attributable to outside market forces, the appreciation was held not subject to equitable distribution. *Jolis v. Jolis*, 470 NYS2d 584 (A.D. 2 Dept. 1983). On the other hand, where the husband had left his job to devote his energies

to full-time management of his holdings, it was held that appreciation in his holdings was due to his active management rather than random market fluctuations, and, thus, the appreciation could be considered a product of the marital partnership. *Nolan v. Nolan*, 486 NYS2d 415 (A.D. 3 Dept. 1985).

We hold that the trial court did not err in granting the appellee's motion for partial summary judgment, in that there is no evidence that any appreciation in the value of the corporate stock was caused by efforts of the appellee. It is not, therefore, a marital asset subject to equitable distribution.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents. Weltner, J., disqualified.*

DECIDED JANUARY 29, 1987.

*Turner, Turner & Turner, Jack P. Turner, Richard W. Schiffman, Jr.,* for appellant.

*Hurt, Richardson, Garner, Todd & Cadenhead, Emily S. Bair, Elizabeth Bentley Watson,* for appellee.