### 46103. YATES v. YATES.
(377 SE2d 677)

BELL, Justice.

We granted a discretionary application in this case to determine whether the trial court, sitting as the trier of fact without a jury, erroneously awarded any of the husband's separate personal property by way of equitable division, and, if so, whether such an award was reversible error. We find that the court did err, and that the judgment must be reversed because of the error.

1. We start with the principle that under Stokes v. Stokes, 246 Ga. 765 (273 SE2d 169) (1980), "only the real and personal property and assets acquired by the parties during marriage is subject to equitable property division." Moore v. Moore, 249 Ga. 27, 28 (2) (287 SE2d 185) (1982). More specifically, a property interest that is brought into the marriage by a spouse is not subject to equitable property division. Bailey v. Bailey, 250 Ga. 15 (295 SE2d 304) (1982). Likewise, "property acquired during the marriage by either party by gift, inheritance, bequest or devise remains the separate property of the party that acquired it, and is not subject to equitable division." Id. Accord Campbell v. Campbell, 255 Ga. 461 (339 SE2d 591) (1986).

In the instant case, it is apparent that the trial court purported to equitably divide a substantial amount of personal property that was in fact the husband's separate property.[1] Thus, under Stokes and its progeny, the trial court erred in the course of equitably dividing the personal property of the spouses.

2. The remaining question is whether the error necessitates reversal. The wife argues that any error in equitably dividing the personal

---

[1] The exact extent to which the court encroached on the husband's separate personal property is uncertain, as the court did not enter preliminary findings classifying the spouses' personal property as separate and marital. Moreover, the proper classification of many items of personal property belonging to the spouses turned on questions of witness credibility.

property is harmless because the trial court could have allocated the same property to her as alimony.

However, we disagree. The purpose behind the doctrine of equitable property division

> is to assure that property accumulated during the marriage be fairly distributed between the parties. Although property not accumulated during the marriage and belonging to one or the other party may be taken into account in deciding questions of alimony and, indeed, the equities of the division of the marital assets, *this separate property is itself not subject to division.* [Emphasis supplied.]

*Campbell v. Campbell,* supra, 255 Ga. at 462.

To hold that a trial court may disregard the separate and marital property dichotomy in awarding equitable property division, on the basis that the court can, if it chooses, award the same separate property as alimony, would erode the distinctions between separate and marital property and between equitable division and alimony. We decline to so hold, and we therefore find that the error of the court in this case requires reversing the judgment and remanding this case for entry of a new judgment consistent with this opinion.[2] Cf. *Thomas v. Thomas,* 259 Ga. 73 (377 SE2d 666) (1989). But cf. *Rooks v. Rooks,* 252 Ga. 11, 13-19 (311 SE2d 169) (1984) (concurrence of Weltner, J.).

*Judgment reversed. All the Justices concur, except Weltner, J., who dissents.*

WELTNER, Justice, dissenting.

I agree with the majority that the property of one spouse that was owned by that spouse before the marriage cannot be awarded to the other spouse by way of equitable distribution. I disagree, however, with reversing the judgment under the facts of this case.

1. Under our law, alimony may be barred under certain circumstances (e.g., adultery or desertion. OCGA § 19-6-1 (b)). And where no alimony is sought, none may be awarded. In this case, however, the wife sought alimony, and the trial court found that some award of alimony was appropriate.

2. The trial judge, as the finder of fact, had the power to award any asset of the husband to the wife as alimony — independent of the

---

[2] The new judgment should include findings classifying the personal property of the spouses according to whether it is separate or marital property, as a prerequisite for any award of equitable division of that property. The trial court may, of course, reconsider its other allocations for equitable division and alimony in the light of its revision of the equitable division of personal property.

character of any such asset as "marital property."[3] Thus, the award to the wife of "premarital property" (whether called "equitable distribution," "alimony," or any other label) was within the authority of the trial court. Hence, I would affirm the judgment, rather than remand the case for further exercises in taxonomy. See *Shapiro v. Lipman*, 259 Ga. 85 (377 SE2d 673) (1989).

DECIDED MARCH 16, 1989.

*Watson & Dana, Dennis D. Watson*, for appellant.
*Jones & Murphy, Howard W. Jones*, for appellee.

---

[3] "Alimony is an allowance out of one party's estate, made for the support of the other party . . . ." OCGA § 19-6-1. "The finder of fact may grant permanent alimony to either party, either from the corpus of the estate or otherwise." OCGA § 19-6-5.