46624. DEES v. DEES.
(377 SE2d 845)

MARSHALL, Chief Justice.

We granted Mr. Dees' discretionary appeal of the final decree in his divorce action, which held that his unpaid California workers' compensation lump-sum settlement for an injury sustained during the marriage is a marital asset subject to equitable distribution, and which awarded Mrs. Dees, inter alia, 20% of the settlement. We vacate and remand.

The parties were married in 1978. Mr. Dees worked as an engineer in the oil industry until 1982, when he sustained a job-related back injury in California. During the period from 1982 to 1987, at which time the parties separated, Mr. Dees' sole source of income was California workers' compensation benefits. Mrs. Dees helped support her husband and their one minor child by working as a hairdresser. At the time of the trial, Mr. Dees expected to receive a lump-sum settlement of his California workers' compensation claim imminently.

Although this appears to be a case of first impression in Georgia, many other states have considered this issue and decided that workers' compensation awards, like personal-injury awards, *may* properly be characterized as marital property. See, e.g., *Weisfeld v. Weisfeld,* 513 S2d 1278 (1) (Fla. App. 3 Dist. 1987) (citing, inter alia, *Campbell v. Campbell,* 255 Ga. 461 (339 SE2d 591) (1986), and treating authority from community-property states as equally persuasive as that from equitable-distribution states, such as Georgia.) In considering this issue, the Florida court rejected the so-called "mechanistic approach" — under which "all property, including workers' compensation or personal[-]injury awards, acquired during marriage is deemed to be marital property unless it is specifically excepted by statute" — in favor of "the more enlightened view" of the "analytical approach" — under which,

> whether the award is marital property does not depend on a formalistic view which looks only to the timing of the acquisition of the award. Instead, the inquiry focuses on the elements of damages the particular award was intended to remedy or, stated another way, the purpose of the award. . . . States subscribing to this approach acknowledge that damage awards may be separated into three different components: (1) compensation for the injured spouse for pain and suffering, disability, and disfigurement, (2) compensation for

178

the injured spouse for lost wages, lost earning capacity, and medical and hospital expenses, and (3) compensation for the uninjured spouse for loss of consortium . . . Compensation paid to a spouse for non-economic and strictly personal loss under (1) and (3) is considered that spouse's personal property, while the portion of damages paid to the injured spouse under (2) as compensation for economic loss during the marriage is marital property.

*Weisfeld*, 513 S2d 1278, supra at 1281, citing, inter alia, *Campbell*, 255 Ga. 461, supra.

While we have not heretofore applied the "analytical approach" to workers' compensation awards, we have applied it to a personal-injury award. *Campbell*, supra. A workers' compensation award may compensate for some of the same elements of damages as a personal-injury award. Our holding in *Courtney v. Courtney*, 256 Ga. 97 (2) (344 SE2d 421) (1986), that unvested retirement benefits are marital property, is not inconsistent with the "analytical approach." Our classification there was based on our analysis of that particular property, namely: "[A] retirement plan, while admittedly unvested, is nevertheless an important contractual right, which will become a reality upon satisfaction of certain conditions. Thus, it is far less speculative in nature than the possibility of an inheritance. . . ."; "the plethora of cases across the country holding that unvested benefits are choses in action, i.e., personal property, for other purposes"; the wife's "efforts toward the furtherance of her husband's career contributed to the accumulation of these retirement benefits, and . . . these efforts were made with the expectation that these retirement benefits would provide her with some measure of personal security and future well-being," which expectation is in reality the only significant asset of the marriage in many households. "[T]he recent trend is to treat both vested and unvested pension benefits as marital property." *Courtney*, supra, pp. 98, 99. The unvested retirement benefits may be analogized to the element of compensation for lost wages, lost earning capacity, and medical and hospital expenses, which has been held to be marital property under the "analytical approach." See *Weisfeld*, supra (1); *Campbell v. Campbell*, supra at 462.

The trial court's holding that the unpaid California workers' compensation claim settlement is a marital asset, was based upon its findings of fact that, under applicable California workers' compensation law, lost wages during the period of disability is the *major, and in some cases, total factor* in determining compensation; and that a treatise on California family law states that workers' compensation awards or settlements where the injury arose during the marriage and prior to separation is also characterized under the California commu-

nity-property system by analogy with personal-injury damages subject by statute to community-property rules. This holding assumes that the *only* factor of the settlement here is lost wages, whereas the finding was that this is the "major" factor and, in *some* cases the total factor. Absent a transcript in this case, we cannot determine the factor(s) involved in this particular settlement. Accordingly, we reverse the award and remand the case to the trial court to hold hearings to establish, in accordance with the analytical approach adopted in this opinion, what portion of the award is marital property subject to equitable distribution.

*Judgment vacated and remanded. All the Justices concur.*

DECIDED APRIL 6, 1989.

*J. Russell Jackson*, for appellant.
*Jane Plaginos*, for appellee.