S91A1659. LOWERY v. LOWERY.
(413 SE2d 731)

HUNT, Justice.
We granted this application to appeal to determine whether the husband's medical school education and license may be considered

---

"marital property," subject to equitable division. We agree with the trial court, and the majority of jurisdictions that have decided this issue, that they are not. See generally Annot. Spouse's Professional Degree or License as Marital Property for Purposes of Alimony, Support, or Property Settlement, 4 ALR 4th 1294; see, e.g., *Hughes v. Hughes*, 438 S2d 146 (Fla. 1983); *In re Marriage of Goldstein*, 423 NE2d 1201 (Ill. 1981). These "assets" bear no similarity to even the broadest view of property for purposes of equitable division. Their value is too speculative to calculate, being simply the possibility of enhanced earnings they provide. That potential may never be realized for any number of reasons. The husband's education and license have no exchange value or transferrable value on an open market, are personal to him, terminate on his death, and cannot be assigned, sold, transferred or pledged. *In re Marriage of Graham*, 574 P2d 75 (Colo. 1978).[1]

However, on the issue of alimony, we disagree with the trial court that the wife's expert's testimony regarding the husband's earnings must be limited to the husband's actual present income. The expert may testify regarding the husband's earning capacity, to the extent the wife contends that differs from his present income. OCGA § 19-6-5 (4) and (7). *Worrell v. Worrell*, 242 Ga. 44, 45 (2) (247 SE2d 847) (1978).

*Judgment affirmed in part; reversed in part. Clarke, C. J., Weltner, P. J., Bell, Benham and Fletcher, JJ., concur.*

DECIDED FEBRUARY 27, 1992.

*Stone, Christian & Raymond, Philip T. Raymond III, Susan L. Dalton,* for appellant.

*Harrison & Willis, Randall P. Harrison, J. Stephen Clifford,* for appellee.

---

[1] Of course, the wife's contributions to the marriage during the time the husband earned his degree and license, including her contributions to the husband to help him attain the degree and license, may be considered relative to alimony, OCGA § 19-6-5 (5), (6) and (7), and the division of marital property. *Stokes v. Stokes*, 246 Ga. 765, 772 (273 SE2d 169) (1980) (Hill, J., concurring).