S91A1385. GOLDSTEIN v. GOLDSTEIN.
(414 SE2d 474)

CLARKE, Chief Justice.

In this divorce action wife requested discovery from husband regarding the assets of his law practice, including information about pending cases. Husband refused to comply with certain requests. Specifically, he would not reveal retainer agreements for pending cases and client ledgers. He also refused to respond to the request that he reveal settlement offers in pending contingent fee cases, and refused to estimate the value of pending contingent fee cases. He did, however, reveal that he had incurred $70,942.60 in expenses related to pending contingent fee cases. Wife filed a motion to compel discovery.

In resisting wife's motion to compel, husband did not argue that she is not entitled to equitable division of the assets of the law firm. Rather, he asserted that the value of contingent fee cases is too speculative to be included as an asset, and that revealing information about these cases would violate attorney-client privilege. The trial judge granted the motion to compel. We reverse.

1. Division of property in a divorce action is a two-step process. First the property must be classified as either marital or non-marital. Second, the marital property must be divided, not necessarily equally, but equitably. *Thomas v. Thomas,* 259 Ga. 73, 75 (377 SE2d 666) (1989). The first step is a question of law; the second step is a matter held in the trial court's discretion. Id. Any particular asset may have both marital and non-marital portions. Id. Marital property is defined as assets acquired from the labor and investments of the parties during the marriage. *White v. White,* 253 Ga. 267 (319 SE2d 447) (1984); *Halpern v. Halpern,* 256 Ga. 639 (352 SE2d 753) (1987).

We agree with husband that contingent fee agreements are not marital assets. Although we held in *Courtney v. Courtney,* 256 Ga. 97 (344 SE2d 421) (1986) that an unvested pension plan represents important contractual rights that may be considered in making an equitable division of property, we have not held that all unvested rights are subject to equitable division. *Courtney* involved an unvested pension plan that would vest during the normal course of the husband's employment over the next few years. We found that the pension was

far less speculative in nature than the possibility of an inheritance. Id. at 98-99, comparing *Meeks v. Kirkland*, 228 Ga. 607 (187 SE2d 296) (1972). It was clear that the pension would vest two years after the divorce and would yield a certain benefit. In contrast, it is impossible to know in advance whether any specific contingent fee case will ultimately yield a fee — or, if it does, how much the fee will be. It is also nearly impossible to gauge how much work and expense will be required after the date of the divorce to become entitled to collect a contingent fee. These qualities of contingent fee agreements make them too remote, speculative and uncertain to be considered marital assets in making an equitable division of property. Accord *In re Marriage of Zells*, 554 NE2d 289 (197 Ill.App.3d 232) (1990).

2. Because of our holding in Division 1, we need not address husband's other enumerations of error.

*Judgment reversed. Clarke, C. J., Benham and Fletcher, JJ., concur; Chief Judge John W. Sognier concurs specially; Weltner, P. J., Bell and Hunt, JJ., dissent; Sears-Collins, J., not participating.*

HUNT, Justice, dissenting.

Practically all jurisdictions that have addressed the issue have determined that contingent fee contracts constitute marital property. See, e.g., *In re Marriage of Vogt*, 773 P2d 631 (Colo. 1989); *Lyons v. Lyons*, 526 NE2d 1063 (Mass. 1988); *Weiss v. Weiss*, 365 NW2d 608 (Wis. 1985); *Frink v. Frink*, 494 NYS2d 271 (SC 1985). See generally *White v. White*, 253 Ga. 267, 269 (319 SE2d 447) (1984). Still, because of the speculative nature of these contracts, I do not disagree with the majority that contingent fee contracts, in and of themselves, should not be treated as marital property subject to equitable division.

However, it does *not* follow that these contracts should not be considered as providing relevant evidence regarding the merits of a claim for equitable division of property, or for alimony. See *Weiss v. Weiss*, supra at 612; *Stokes v. Stokes*, 246 Ga. 765, 772 (273 SE2d 169) (1980); OCGA § 19-6-5 (a) (7). Thus, in my view, under the broad rules governing discovery, see OCGA § 9-11-26 (b) (1), the wife should be able to obtain the information sought. Specifically, she should be able to discover the existence of any contingent contracts entered into before the filing for divorce, the extent of any work performed on those contracts, and evidence regarding the reasonable value of work performed on those contracts.

I agree with the husband that there are serious problems regarding the potential violation of the attorney-client privilege which could result from his compliance with the wife's discovery requests. Accordingly, I would fashion a rule for cases such as that presented here, as

follows: all discovery would be produced pursuant to strict protective order by the trial court designed to ensure that no confidential information is disseminated (including, where necessary, the redaction of the names, addresses, civil action numbers, and other identifying information of clients in any documents). In addition, the trial court, on in camera review of any information produced in discovery, or other evidence, including expert evidence, submitted by the parties, would determine, as a matter of law, whether a particular contingent contract has sufficient indicia of earning potential to be considered as evidence relevant to alimony or property division, or should not be considered at all. In making this determination, the trial court should consider whether it is possible to assess reasonably the value of any particular contract, and whether consideration of the contract by the factfinder would adversely affect the client who is the subject of the contingent contract. Of course, the trial court's determination in this regard would be subject to discretionary interlocutory review by this court.

I am authorized to state that Presiding Justice Weltner and Justice Bell join in this dissent.

DECIDED MARCH 19, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992.

*J. Stephen Clifford,* for appellant.
*Altman, Kritzer & Levick, Nancy F. Lawler, Eleanor R. Miller,* for appellee.