## S94A0909. BASS v. BASS.
### (448 SE2d 366)

CARLEY, Justice.

From the time that appellant-Husband was given a 51 percent interest in a family corporation, he has worked full-time for that corporation. Appellee-Wife also worked for the corporation for several years. During the marriage, Husband's interest in the corporation appreciated in value. The instant divorce action was tried before a jury. The issue of the extent to which Husband's interest in the corporation was a marital asset subject to equitable division was submitted to the jury. The jury's verdict reflected a finding that Husband's interest in the corporation was a marital asset and made an equitable division thereof as between Husband and Wife. The trial court entered judgment on the jury's verdict and Husband applied to this court for a discretionary appeal, urging that the issue of the extent to which his interest in the corporation was a marital asset was erroneously submitted to the jury and should have been determined, as a matter of law, by the trial court itself. We granted Husband's application so as to address the question of "whether the classification of property in a divorce action as either marital or non-marital is exclusively a question of law."

In *Goldstein v. Goldstein*, 262 Ga. 136 (1) (414 SE2d 474) (1992), we held that the first step in the division of property in a divorce action is the classification of the property "as either marital or non-marital. . . . [This] step is a *question of law*. . . ." (Emphasis sup-

plied.) As authority for this proposition, only *Thomas v. Thomas*, 259 Ga. 73, 75 (377 SE2d 666) (1989) was cited. However, the actual holding of *Thomas*, supra at 75, is that "[t]he classifying of property as either marital or non-marital is not a discretionary function but is based on *legal principles*." (Emphasis supplied.) It is a "fundamental" legal principle that all questions of law must be decided by the court and that all questions of fact must be decided by the trier of fact. *Warnock v. Elliott*, 96 Ga. App. 778, 789-790 (101 SE2d 591) (1957). Thus, contrary to the import of *Goldstein*, the classification of property as either marital or non-marital is not always exclusively a question of law. What items of property can legally constitute a marital or non-marital asset is a question of law for the court. However, whether a particular item of property actually constitutes a marital or non-marital asset may be a question of fact for the trier of fact to determine from the evidence. See *New v. Potts*, 55 Ga. 420 (6) (1875).

Accordingly, as a matter of law, if the separate non-marital property of one spouse appreciates in value during the marriage solely as the result of market forces, that appreciation does not become a marital asset which is subject to equitable division; but, if the separate non-marital property of one spouse appreciates in value during the marriage as the result of efforts made by either or both spouses, that appreciation does become a marital asset which is subject to equitable division. *Thomas v. Thomas*, supra; *Halpern v. Halpern*, 256 Ga. 639 (352 SE2d 753) (1987). See also *Goldstein v. Goldstein*, supra (holding that, as a matter of law, one spouse's contingent fee agreements are too remote, speculative and uncertain to be considered marital assets subject to equitable division); *Campbell v. Campbell*, 255 Ga. 461 (339 SE2d 591) (1986) (holding that, as a matter of law, settlement of one spouse's personal injury claim is a marital asset subject to equitable division only to the extent of compensation for medical expenses and lost wages during the marriage).

However, whether the appreciation in the value of the separate non-marital property of one spouse is attributable solely to market forces or to the individual or joint efforts of the spouses is a question of fact. In the instant case, Husband does not argue that it is undisputed that the appreciation in the value of his interest in the corporation is attributable solely to market forces and that no fact question exists as to whether the appreciation is attributable to his or Wife's individual or joint efforts. Accordingly, the issue of the extent to which Husband's interest in the corporation was a marital asset subject to equitable division is a mixed question of law and fact. See generally *Schaeffer v. King*, 223 Ga. 468 (155 SE2d 815) (1967); *Frank v. City of Atlanta*, 72 Ga. 428 (1) (1884). As a matter of law, the appreciation in the value of Husband's interest in the corporation would be a marital asset, if, as a matter of fact, that appreciation was attributa-

ble to his or Wife's individual or joint efforts rather than attributable solely to market forces.

It follows that the trial court's responsibility in the instant case extended only to charging the jury on the legal principles of equitable division of property. "In this case, a jury was the finder of fact." *Johnson v. Johnson*, 259 Ga. 658, 661 (1) (b) (386 SE2d 136) (1989). It was proper for the jury, as

> the finder of fact[, to] determine the portion of [Husband's interest in the corporation] constituting [a marital asset], and divide [that portion] in an equitable manner under the facts and circumstances of this case.

*Johnson v. Johnson*, supra at 661 (1) (b), fn. 3.

So as to provide the jury with the applicable legal guidelines in making this determination, it would have been proper for the trial court to have instructed the jury: that it should first find whether appreciation, if any, in Husband's interest in the corporation during the marriage was attributable to his or Wife's individual or joint efforts or to market forces; that any appreciation found to be attributable to market forces would not be a marital asset subject to equitable division, but would remain his separate non-marital asset; that any appreciation found to be attributable to his or Wife's individual or joint efforts would be a marital asset subject to equitable division; and, that, as a marital asset, any appreciation found to be attributable to his or Wife's individual or joint efforts should be equitably divided between them. We believe that, in all cases involving appreciation of otherwise non-marital assets, such instructions would be helpful to the jury and the litigants.

However, in this case, Husband requested no jury instructions on these specific legal principles and does not enumerate as error the trial court's failure to have included these specific legal principles in its jury instructions. His sole enumeration of error is that the trial court erred "in failing to determine as a matter of law what portion of [his] 51% interest in [the] corporation was, in fact, a marital asset and, therefore, subject to equitable division." Since what portion of his interest in the corporation was a marital asset subject to equitable division was a mixed question of law and fact and the instant case was tried before a jury, there is no merit to this enumeration and the judgment entered by the trial court on the jury's verdict must be affirmed.

*Judgment affirmed. All the Justices concur.*

HUNT, Chief Justice, concurring.

Whether a particular kind of property can *ever* be classified as

marital property is certainly a *legal* question. Thus, in *Goldstein v. Goldstein*, 262 Ga. 136 (414 SE2d 474) (1992), the majority of this court decided that the trial court should have held, *as a matter of law*, that the value of the husband/attorney's contingent fee arrangements is not a marital asset. Likewise, we have excluded, *by law*, the medical degree of physicians. *Lowery v. Lowery*, 262 Ga. 20 (413 SE2d 731) (1992). However, most property falls into that category that has the potential to be marital property and, whether, and to what extent, such property is marital is a matter of *fact* based on *legal* principles. The *legal* principle we applied in *Thomas v. Thomas*, 259 Ga. 73, 75 (377 SE2d 666) (1989) was the "source of funds" rule which we held applicable to the *facts* surrounding the acquisition and maintenance of the parties' house. In *Thomas*, the trial court, which was the factfinder, erred by making the initial classification of that property by exercising its discretion. That step is never a matter of discretion. In rare instances, it is a question of law. In most instances, as is the case here, that determination involves the application by the factfinder of legal principles to the particular facts.[1]

DECIDED OCTOBER 3, 1994.

*Martin L. Fierman*, for appellant.
*Waddell, Emerson, George & Buice, E. Angela Emerson*, for appellee.

---

[1] The majority opinion in *Goldstein v. Goldstein*, supra, to the extent it implies that the first step of classifying property as marital or non-marital is determined strictly as a matter of law, is erroneous and misleading.