■ M. JUDITH Fox, Respondent, v SEYMOUR Fox, Appellant. [736 NYS2d 483] —Mercure, J. Appeals (1) from an order of the Supreme Court (Ceresia, Jr., J.), entered August 3, 2000 in Rensselaer County, which, inter alia, granted plaintiff's request for a temporary restraining order, (2) from an order of said court, entered September 28, 2000 in Rensselaer County, which, inter alia, granted plaintiff's motion for certain pendente lite relief, and (3) from an order of said court, entered February 7, 2001 in Rensselaer County, which, inter alia, ordered defendant to comply with discovery demands.

Defendant is the principal of a law firm situated in the City of Troy, Rensselaer County. Plaintiff was employed by the firm as a legal secretary, office manager and bookkeeper for approximately 36 years. The parties were married in 1970,[1] approximately six years after plaintiff commenced her employment with the firm. The parties physically separated in 1994 and plaintiff commenced this action for a divorce in May 2000. Her employment was terminated immediately thereafter. On these appeals, defendant challenges Supreme Court's awards

---

1. We recognize that defendant contests the validity of the parties' marriage, an issue that is not presently before us.

of temporary maintenance, counsel and appraisal fees, and exclusive use and possession of a Florida apartment, as well as Supreme Court's restraint on the parties' transfer of marital property, its denial of defendant's recusal motion and its grant of plaintiff's motion to compel defendant to provide discovery with regard to his client case files.

Initially, we agree with defendant that Supreme Court abused its discretion in awarding plaintiff temporary maintenance of $6,033 per month, counsel fees of $35,000 and appraisal fees of $30,000. In our view, those awards should each be reduced by approximately 33⅓%. The evidence adduced on the motions establishes that plaintiff possesses liquid assets valued at approximately $845,000, from which she receives interest income of approximately $35,000 per year, and that an unappealed provision of Supreme Court's order entered September 28, 2000 provides plaintiff with exclusive use and possession of the marital residence and two automobiles and requires defendant to pay the expenses attributable thereto. Under the circumstances, and notwithstanding defendant's substantial income and net worth, we can perceive no justification for the awards made in this case.

"The overriding consideration regarding a pendente lite maintenance award is the meeting of the reasonable needs of the moving party until a determination is made at trial concerning permanent relief * * *" (*Santulli v Santulli*, 228 AD2d 247, 248 [citations omitted]). Although the determination should take into consideration the actual standard of living enjoyed by the parties, "it is, in the end, an accommodation of the means of the supporting spouse and the 'reasonable needs' of the needy spouse" (*Van Ess v Van Ess*, 100 AD2d 848, 848-849, quoting Domestic Relations Law § 236 [B] [6] [a]), giving due consideration to her income and assets (*see, Van Ess v Van Ess, supra,* at 849; *see also, Santulli v Santulli, supra,* at 248; *Ritter v Ritter*, 135 AD2d 421, 422). Combined with plaintiff's present passive income on her substantial liquid assets (acquired with the compensation she received from defendant's law firm), Supreme Court's award of temporary maintenance provides plaintiff with annual income exceeding $107,000, no part of which need be expended for housing, insurance, or repayment of indebtedness and, in fact, without requiring plaintiff to pursue any gainful employment.

We perceive no valid purpose to be served by such an award and conclude that no more than $4,000 per month can be reasonably justified. Although, as strenuously contended by plaintiff, disputes over temporary maintenance are most ef-

ficiently resolved by means of a speedy trial, given the substantial issues concerning the valuation of the parties' separate and marital property, particularly defendant's law practice, trial of the action may be substantially delayed. In our view, defendant should not for an extended period of time be required to pay maintenance that exceeds plaintiff's reasonable needs (*see, Ritter v Ritter, supra,* at 424).

We similarly conclude that Supreme Court abused its discretion in requiring defendant to pay the entire amount of plaintiff's anticipated counsel and appraisal fees. In view of plaintiff's substantial income and assets (*compare, Fisher v Fisher,* 208 AD2d 433 [the plaintiff had $220,000 in liquid assets and no significant liabilities], *with Gober v Gober,* 282 AD2d 392 [assets were confined to monthly maintenance]; *Dzembo v Dzembo,* 160 AD2d 1144 [limited resources]), the fact that plaintiff will undoubtedly receive a substantial distribution of marital property as a result of the parties' 30-year marriage (*cf., Charpie v Charpie,* 271 AD2d 169, 173; *Richards v Richards,* 189 AD2d 1025, 1026), and the absence of evidence that any significant portion of plaintiff's anticipated expenses arise out of dilatory tactics or obfuscation on defendant's part (*cf., Holbrook v Holbrook,* 226 AD2d 831, 832; *Cinnamond v Cinnamond,* 203 AD2d 229, 230), it is our view that those awards should be reduced by approximately 33⅓%.

We also agree with defendant's contention that Supreme Court erred in granting plaintiff exclusive use and possession of the parties' Florida apartment. Plaintiff has provided no legal authority for the grant of exclusive use and possession of any realty other than the marital residence (*cf., Twaite v Twaite,* 235 AD2d 616; *Grogg v Grogg,* 152 AD2d 802), and we are aware of none. In any event, in view of the fact that plaintiff had no apparent need for that property—she had visited it but once in the four years immediately preceding her application—and defendant could make good use of it during his many business trips to Florida, there was no compelling basis for Supreme Court's order. Supreme Court's articulated basis, i.e., the absence of any good reason why exclusive use and possession should not be granted, is clearly insufficient.

Defendant's attack on so much of Supreme Court's February 7, 2001 order as requires defendant's disclosure of the material identified in item Nos. 10, 17 and 18 of plaintiff's June 8, 2000 notice for discovery and production is considerably more

problematic.[2] Without doubt, any appreciation in the value of defendant's law practice taking place during the parties' marriage is marital property subject to equitable distribution (see, *Litman v Litman*, 93 AD2d 695, 696, *affd* 61 NY2d 918). Far less certain is plaintiff's right to obtain discovery of defendant's client files. Contrary to plaintiff's assertion, in *Litman* neither the Court of Appeals nor the Second Department compelled discovery of actual client files. Rather, the Court of Appeals held only that expert opinion with respect to the economic value of a party's law practice may be of assistance in fashioning a distributive award (*Litman v Litman*, 61 NY2d 918, 920). In subsequent proceedings, the plaintiff did not seek to vacate the demand for inspection of his client files—his objection was limited to the time frame of such disclosure (*Litman v Litman*, 123 AD2d 310, 311).

Of course, the lack of appellate authority does not necessarily foreclose plaintiff's effort to obtain discovery of client files. It may well be that a law practice predominantly devoted to the prosecution of personal injury claims cannot be accurately valued without access to at least some of the material contained in client files. Notably, defendant's sole ground for opposition to the discovery demand is privilege, and we agree with plaintiff that sufficient safeguards can be put in place so as to preserve the confidentiality of client-attorney communications and prevent any violation of Code of Professional Responsibility DR 4-101 (22 NYCRR 1200.19). On appeal, plaintiff has agreed to the guidelines contained in the appendix to Tiso, *Are Contingency Fee Cases Part of the Marital or Communal Estate?*, 15 J Am Acad Matrim Law 391, 409-410, which largely mirror the conditions imposed by Supreme Court, Dutchess County, in *Frink v Frink* (129 Misc 2d 739, 740-741). In our view, the *Frink* guidelines strike a good balance between plaintiff's need for discovery and defendant's paramount interest in protecting the confidences of his clients, and we shall make them applicable to this case. In the event of a dispute concerning the scope of materials that may be withheld from discovery as excludable under CPLR 4503, either party may make application to Supreme Court.

The parties' remaining contentions, including defendant's challenge to Supreme Court's requirement that, except for a $93,000 allowance to each, neither party sell or transfer any

---

2. Item No. 10, which is primarily at issue here, requires defendant to produce: "Document(s) exhibiting the details of any and all Plaintiff cases outstanding as of December 31, 1999, including the possible outcome and anticipated fees to be recognized by the Practice."

marital property without giving 30 days' advance notice to the other and the trial court's refusal to recuse itself because it may eventually preside over some of the personal injury actions that are the subject of the order permitting discovery of client files, have been considered and found to be unavailing.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order entered August 3, 2000 is affirmed, without costs. Ordered that the order entered September 28, 2000 is modified, on the law and the facts and as a matter of discretion in the interest of justice, without costs, by reversing so much thereof as awarded plaintiff exclusive use and possession of the premises known as 237 Brazilian Avenue, Unit D-2, Palm Beach, Florida, and by reducing the awards of temporary maintenance from $6,033 per month to $4,000 per month, temporary counsel fees from $35,000 to $23,000 and temporary appraisal fees from $30,000 to $20,000, and, as so modified, affirmed. Ordered that the order entered February 7, 2001 is modified, on the law, without costs, by providing that, in addition to the protections imposed by Supreme Court, discovery of defendant's client files shall be governed by the conditions imposed in *Frink v Frink* (129 Misc 2d 739, 740-741), and, as so modified affirmed.