## S06F2159, S06X2160. BARTON v. BARTON; and vice versa.

(639 SE2d 481)

THOMPSON, Justice.

This divorce case presents a question of first impression in this State: In placing a value on the stock of a closely-held corporation for purposes of dividing marital property, is the court bound by the value set forth in a buy-sell provision of the stockholder agreement? The short answer is "no."

The parties had been married for 29 years when wife sued husband for divorce, seeking an equitable division of property and alimony. The matter was referred to an arbitrator who divided the marital assets, but did not award alimony. The arbitration award was adopted by the superior court. In Case No. S06F2159, husband appeals, assigning error to the division of marital property. Wife cross-appeals in Case No. S06X2160, asserting the court erred in failing to award her alimony.[1]

1. *Case No. S06F2159.* Husband owns one-half of the stock of Triad Specialities, Inc., a closely-held corporation. The stock is subject to a buy-sell provision in the stockholder agreement which provides that in the event of husband's death, disability, bankruptcy, or other specified triggering event, the other shareholder has a right to purchase husband's stock at a price to be determined by a formula. Under that formula, the value of husband's stock would have been fixed at $342,200. Nevertheless, the arbitrator placed a fair market value on the stock of $508,000, and the division of marital property was based on that valuation. Citing *Hertz v. Hertz*, 657 P2d 1169 (N.M. 1983), husband asserts that, in valuing the Triad stock, wife should be bound by the terms of the buy-sell agreement. We disagree.

We recognize that a minority of jurisdictions hold that in a divorce case the non-shareholder spouse should be bound by the shareholder spouse's valuation agreement. *Hertz v. Hertz*, supra. See also *McDiarmid v. McDiarmid*, 649 A2d 810 (D.C. 1994). However, a "clear majority of courts hold that the value established in the buy-sell agreement of a closely-held corporation, not signed by the non-shareholder spouse, is not binding on the non-shareholder spouse but is considered, along with other factors, in valuing the interest of the shareholder spouse." *Cole v. Cole*, 110 SW3d 310, 314 (Ark. App. 2003). See also *Bettinger v. Bettinger*, 396 SE2d 709, 714, 715 (W.Va. 1990), and cases cited therein. The rationale for the majority rule is simple — the buy-sell price in a closely-held corporation can be manipulated and does not necessarily reflect true market value.

---

[1] These discretionary appeals were granted pursuant to this Court's pilot project in domestic cases.

*Bettinger v. Bettinger*, supra; *Bosserman v. Bosserman*, 384 SE2d 104, 108 (Va. App. 1989). In our view, the majority rule is more sound and it was applied properly in this case.

2. *Case No. S06X2160.* In view of our ruling in Division 1 upholding the division of marital property, wife expressly withdraws the cross-appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2007 —
RECONSIDERATION DENIED FEBRUARY 5, 2007.

*John T. Garcia*, for appellant.
*Mirshak & Smith, Timothy S. Mirshak*, for appellee.