## S12F0797. JONES-SHAW v. SHAW.
### (728 SE2d 646)

HINES, Justice.

Pursuant to Supreme Court Rule 34 (4),[1] this Court granted ex-wife Felicia Jones-Shaw's application for discretionary appeal from the final judgment and decree of divorce. The focus of the appeal is the equitable division of a closely-held non-profit corporation. For the reasons that follow, we affirm.

Jones-Shaw ("Wife") and James W. Shaw, Jr. ("Husband") were married on July 7, 2009. On November 1, 2010, Wife filed a complaint for separate maintenance, alleging that the parties had separated on October 27, 2010. The suit was later converted to a divorce action by virtue of Husband's counterclaim for divorce. At the resulting bench trial, Wife sought an equitable division of marital assets and attorney fees for a motion to compel discovery stemming from Husband's alleged refusal to comply with discovery. The primary asset for which Wife sought equitable division is a closely-held non-profit corporation known as Georgia Tarheel Sports, Inc. ("GTS"), which sponsors and holds weekend sports tournaments for children in the metropolitan Atlanta area. The enterprise was started, but not incorporated, by Husband about nine years prior to the marriage between the parties. The parties have no children together, and their finances were kept separately.

In the final judgment and decree of divorce ("decree"), the superior court found that Wife failed to establish that GTS was subject to equitable property division or that GTS's appreciation, if any, during the approximately 16-month period that the parties lived together as husband and wife was a result of her efforts. The court denied any additional claims of the parties, and ordered that each retain the personal property in his or her possession and that each was responsible for payment of his or her personal debts. There was no award of attorney fees to either party.

1. Whether an item of property can *legally* constitute a marital asset is a question of law for the court, and whether a particular item of property *actually* constitutes a marital asset may be a question of

---

[1] Supreme Court Rule 34 (4) provides:

An application for leave to appeal a final judgment in cases subject to appeal under OCGA § 5-6-35 shall be granted when:

. . .

(4) The application is for leave to appeal a judgment and decree of divorce that is final under OCGA § 5-6-34 (a) (1) and timely under OCGA § 5-6-35 (d) and is determined to have possible merit by a majority vote of the Court.

. . .

fact for the trier of fact to determine from the evidence. *Bass v. Bass*, 264 Ga. 506, 507 (448 SE2d 366) (1994). Certainly, a closely-held corporation may be a marital asset subject to equitable division in a divorce. See *Miller v. Miller*, 288 Ga. 274 (705 SE2d 839) (2010). And, even a business which was started as the result of separate pre-marital funds may be subject to equitable division if there is an appreciation in the value of the business during the years of the marriage due to the spouses' individual or joint efforts. *Wright v. Wright*, 277 Ga. 133, 134 (1) (587 SE2d 600) (2003). But, the appreciation in value during the marriage does not render the asset a marital one subject to equitable division if the growth is solely a result of market forces. *Armour v. Holcombe*, 288 Ga. 50, 51-52 (1) (701 SE2d 169) (2010). Thus, the key factors are the increase in value, if any, of the asset during the course of the marriage and that any gain be the result of spousal effort, either separately or in conjunction with the other spouse. So, in this case a threshold inquiry necessarily would focus upon whether there was any increase in the value of GTS during the marriage. In the context of a for-profit closely-held corporation, such as a professional business practice, this Court has noted that there are three principal methods utilized for determining a value for ownership in such a corporation: the income or capitalized earnings method; the market approach method; and the cost approach method. *Miller v. Miller*, supra at 275 (1). As noted, GTS has been characterized as non-profit, and Wife urges that in other jurisdictions, experts have examined the income of the "members" of the non-profit corporation in order to place a value on it. But, pretermitting any question of the proper method of valuation for such a corporation, it still has to be determined whether the enterprise, which was started well-prior to the marriage, grew in value during the marriage. And, in order for a trial court to determine that an asset appreciated in value during a marriage, there must be evidence of the value of the asset at the time of the marriage and its value at the time of the divorce. And, there is no such evidence in this case.

At the bench trial, which was held on August 8, 2011, only the Husband and Wife testified; there were no expert witnesses. As to the question of GTS's value, Wife testified in generalities about sources of revenue, and that each team was then charged "around 250 a game"; that GTS would host about 26 different teams for part of Saturday, and thus, make "thereabouts" of $26,000 for one weekend from entry fees for the teams; that GTS received commissions from a hotel chain for having teams stay at their hotels; what the average "take" was from the concession stand on each day of the weekend; that there was other unspecified income generated by advertising on GTS's website, on which GTS represented that it had "partnered" with the professional

basketball team, the Atlanta Hawks; and that GTS had "brought in" $206,000 in "cash money" as gleaned from a "PayPal" account and bank accounts for the "latter part" of 2009, 2010, and "up to June of 2011." Wife also had admitted into evidence some of GTS's tournament schedules, a 2010 tax return for GTS, and some bank account and PayPal transactions involving GTS. However, there was no evidence from which to determine the financial condition of GTS just preceding the marriage of the parties. Thus, there was simply insufficient evidence from which any meaningful baseline valuation of GTS could be made.

What is more, Husband in his testimony disputed much of the income and/or "profit" by GTS asserted by Wife, and that GTS appreciated in value during the course of the brief marriage; he also testified about expenses of GTS. The finder of fact is the final arbiter of the weight of the evidence and the credibility of witnesses. *Turner v. Trammel*, 285 Ga. 847, 848 (684 SE2d 623) (2009). And, in this bench trial, the superior court functioned as the finder of fact, and as such, it was authorized to give credit and weight to the disputed evidence in favor of Husband.[2]

2. Wife's complaints that the superior court erred in failing to consider her request for attorney fees and to award them to her because Husband refused to comply with discovery and/or there was a substantial disparity in the parties' financial circumstances are unavailing.

As noted by the superior court at the bench trial, Wife did not pursue her motion to compel discovery, but instead, opted to obtain sought documents from third parties. Therefore, contrary to Wife's contention, an award of expenses for bringing the motion under OCGA § 9-11-37 (a) (4)[3] was not warranted.

---

[2] The determination that there was a fatal lack of evidence of GTS's value renders it unnecessary to address Wife's claims about the import of her roles in GTS, including, for a time, her being registered as chief financial officer ("CFO"), and how such duties grew the business. In any event, Husband's testimony controverted most of Wife's claims in this regard. As for her being listed on the corporate documents as CFO, her testimony made plain that she had virtually no knowledge about the financial workings of GTS.

[3] OCGA § 9-11-37 (a) (4) provides for an award of expenses for a motion for an order compelling discovery:

(A) If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

(B) If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred

As to Wife's assertion that she was due an award of attorney fees because of Husband's alleged far better financial circumstances, it is not supported by argument or citation of authority, and therefore, is deemed abandoned pursuant to Supreme Court Rule 22. *Ruffin v. State*, 283 Ga. 87, 88 (4) (656 SE2d 140) (2008). In any event, the domestic relations financial affidavits filed by the parties do not show a disparity of financial circumstances. No abuse of the superior court's broad discretion in awarding attorney fees in a divorce action has been shown. See *Weaver v. Weaver*, 263 Ga. 56 (428 SE2d 79) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 18, 2012.

*Ellis Hoyle King de Klerk, C. Suzette Ellis-Hoyle*, for appellant. *Rumsey & Ramsey, Penelope W. Rumsey*, for appellee.

in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

(C) If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.