295 Ga. 24
FINAL COPY

S14F0006. SULLIVAN v. SULLIVAN.

HINES, Presiding Justice.

Pursuant to Rule 34 (4) of this Court, Kristen Marie Sullivan ("Wife") was granted a discretionary appeal from the final judgment and decree of divorce ("Decree") dissolving her marriage to Christopher Boyd Sullivan ("Husband"). The focus of the appeal is the equitable division of the appreciation of an interest in a closely-held corporation. For the reasons that follow, we affirm.

In 1997, Husband began working for Envirotech Environmental Services, Inc. ("Envirotech"), a closely-held Subchapter S corporation. In 1998, Husband purchased 150 shares of stock in Envirotech ($1.00 per share), and made an additional capital contribution of $35,000. Three years later, on September 29, 2001, Husband and Wife were married. During the next year, Husband sold 50 shares of his stock for a total purchase price of $11,800. Husband retained 100 shares of the 1,000 issued shares of stock. As a minority shareholder, Husband was apportioned K-1 income to be recorded on his tax return, but the actual cash

was retained in the company.[1] The company paid any taxes associated with the K-1 income.

On or about January 1, 2011, Husband and Wife separated, and husband filed for divorce on March 7, 2011. At the bench trial of the issues remaining in the divorce action,[2] Wife maintained that she was entitled to an equitable division of the appreciation of the value of Husband's 100 shares of Envirotech stock from the date of the parties' marriage to the date of their divorce. Husband asserted that the 100 shares of stock should not be considered to be marital property and should be awarded solely to him because they were acquired prior to the marriage, and any increase in value of the 100 shares that occurred during the course of the marriage was not attributable to Wife or the marital unit but to outside market forces.

In the Decree, which was entered on September 19, 2012, the superior

---

[1] In a Subchapter S corporation, the corporation's shareholders, instead of the corporation itself, must report their proportionate share of the corporation's taxable business income on their individual tax returns and pay the appropriate federal income taxes; the shareholder's corporate income is reported on Internal Revenue Service Schedule K-1. See *Simmons v. Simmons*, 288 Ga. 670 (1) (706 SE2d 456) (2011).

[2] On December 6, 2011, the parties entered into a settlement agreement which resolved, inter alia, certain financial issues with the exception of Wife's retirement funds, Husband's 100 shares of Envirotech stock, and attorney fees. Ultimately, the settlement agreement was expressly incorporated in the Decree.

court found, inter alia, the following. The parties stipulated that Husband owned 100 shares of Envirotech stock; Husband purchased the 150 original shares of stock with money gifted to him by his mother; Husband held the position of Operations Manager for the company, and received a gross monthly income of $6,790;[3] at trial, Wife presented the testimony of an expert on business valuation, and the expert opined that the value of Husband's 100 shares of stock at the time of trial was $780,000; the expert's prepared valuation reviewed Envirotech's earnings only from 2005 through 2011; no evidence was presented as to the value of the stock at the time of the parties' marriage; in arriving at his opinion, the expert did not acknowledge any discounts in the stock value due to marketability or Husband's minority shareholder status; and there was no expert testimony about Husband's role in Envirotech.

Citing *Halpern v. Halpern*, 256 Ga. 639 (352 SE2d 753) (1987), the superior court found that there was no evidence presented as to what role, if any, Husband played in the increase in value of the stock; there was no evidence that

---

[3] The superior court found that at the divorce hearing, Wife testified that she had a gross monthly income of $8,302.62, and had a 401 (k) plan, which then had an approximate value of $68,086.66. The court also found that at trial, for the first time, Wife claimed that she began contributing to her 401 (k) prior to the parties' marriage, and therefore, had a premarital interest of approximately $7,900 which should be awarded to her as separate property.

Wife was the cause of any appreciation in the stock value, and that inasmuch as there was no evidence presented as to the value of the 100 shares of stock at the time of the parties' marriage, there was no evidence of appreciation in value occurring during the marriage for the court to consider. Consequently, the superior court awarded the entirety of the 100 shares of stock and any appreciation to Husband.

1. Certainly, a spouse's interest in a closely-held corporation may be a marital asset subject to equitable division in a divorce; this is so even when the business interest was started as the result of separate pre-marital funds. *Jones-Shaw v. Shaw*, 291 Ga. 252, 253 (728 SE2d 646) (2012). The key is whether there is an appreciation in the value of the business interest during the course of the marriage as a result of the spouses' individual or joint efforts. Id. However, appreciation in value of the asset during the marriage does not render it a marital asset subject to equitable division if the appreciation is solely a result of market forces. Id. Thus, the determinative factors are the asset's increase in value, if any, during the marriage, and that any such gain be due to spousal effort, either separately or in conjunction with the other spouse. Id.

Necessarily, before determining whether any appreciation is subject to

equitable division, the trial court must first be able to calculate what, if any, amount of appreciation occurred during the marriage. *Jones-Shaw*, 291 Ga. at 253. This means that the trial court must be able to determine the value of the interest both on the date of marriage and on the date of divorce. Id. at 254. Three principal methods for determining the value of a closely-held corporation are: the income or capitalized earnings method; the market approach method; and the cost approach method. Id. The trial court has the discretion to choose which valuation method it will employ, including whether it will choose the valuation method of one party over another or to perform its own calculation. *Miller v. Miller*, 288 Ga. 274, 275 (705 SE2d 839) (2010). The party seeking the equitable division of the appreciation has the burden to establish the interest's true market value at the time of marriage and at the time of divorce. See *Barber v. Barber*, 257 Ga. 488, 489 (3) (360 SE2d 574) (1987). Furthermore, opinion testimony does not establish any fact as a matter of law; consequently, the factfinder is not bound by the opinion testimony of witnesses as to value of the property involved, even if such testimony is uncontradicted. *Dept. of Transp. v. Brannan*, 278 Ga. App. 717, 718 (629 SE2d 481) (2006).

2. Wife contends that the superior court erred when it found there was no

5

evidence of the amount of appreciation that occurred during the marriage. She complains that the court should have conducted a "source of funds" analysis, as outlined in *Thomas v. Thomas,* 259 Ga. 73, 75-76 (377 SE2d 666) (1989), to determine what portion of that appreciation should have been awarded to her. To that end, she has offered two figures from which she asserts the superior court could have calculated the appreciation.

First, Wife offers that her expert testified that the value of Husband's shares was $39,000 at the time of their marriage. Her expert arrived at this figure at trial by estimating the basis of Husband's 100 shares in 2002 to be $24,000, and then appreciated that figure over a ten-year period at a five percent interest rate ($39,000). Wife argues that given the market value of Husband's shares at the time of trial was $780,000, the superior court should have calculated the appreciation to be $741,000. However, there is no evidence that an individual's basis in a stock share of a closely-held corporation necessarily reflects that share's market worth on any particular date. Consequently, the superior court cannot be found to have erred for declining to accept the $39,000 figure as representative of the stock shares' true market value at the time of the parties' marriage.

Wife further maintains that the superior court could have calculated the value of Husband's 100 shares in 2001 by reference to the amount Husband received for selling 50 of his shares in 2002. Given that the sale price of Husband's 50 shares totaled $11,800 in 2002, Wife argues that the remaining 100 shares were worth $23,600 at the time of marriage in 2001. However, Husband testified that the stock sales were motivated by the need to pay marital debts, and to free up shares for a new shareholder in the company. No evidence was presented at trial that the $11,800 price Husband received was representative of the shares' true market value at the time of sale in 2002. See *Barton v. Barton*, 281 Ga. 565 (639 SE2d 481) (2007) (buy-sell agreements in closely-held corporation do not necessarily reflect true market value because such agreements can be manipulated). Therefore, there was no error in rejecting Wife's valuation of the remaining 100 shares at the time of marriage based on the 2002 stock sales price.

3. Wife also contends that the superior court erred in finding that there was no evidence of marital investment resulting in stock appreciation. However, such contention is likewise unavailing.

In reviewing the results of a bench trial, this Court will not set aside the

trial court's factual findings unless they are clearly erroneous, and this Court is to give due deference to the trial court's opportunity to judge the credibility of the witnesses. *Wood v. Wood*, 283 Ga. 8 (1) (655 SE2d 611) (2008). In awarding the entirety of any stock appreciation to Husband, the superior court necessarily found that no amount of appreciation was due to the joint or separate efforts of either spouse. See *Bass v. Bass*, 264 Ga. 506, 507 (448 SE2d 366) (1994). And, there is no showing that such finding by the superior court was clearly erroneous.

First, although Husband was a shareholder and carried a title indicating that he managed the operation of the company, testimony at trial showed that he was primarily responsible for managing the company's pickups and deliveries, and that he had comparatively little influence in the running of the company. Second, Husband testified that the rapid rise in the company's appreciation was due to the company's acquisition of new government contracts, in which he was not involved. Third, assuming arguendo that K-1 income can be a marital investment as a matter of law, the superior court did not err in concluding that the K-1 income in this case was not an investment made by the marital unit. Here, the marital unit had no control over whether the K-1 income would be

retained in the company or distributed. If the marital unit did not control whether K-1 earnings would be retained, their retention cannot be said to be an investment by either spouse. Fourth, given the preceding findings, Wife cannot succeed in her argument that her support of Husband's career was evidence of marital investment. If Husband did not contribute to any growth in the company, then by extension Wife's efforts to support Husband in his career did not indirectly contribute to the growth of the company either, and is not a marital investment. The superior court's finding that there was no evidence of marital investment in this case was not clearly erroneous.

4. Lastly, Wife argues that the superior court erred when it applied *Halpern v. Halpern*, supra in this case. However, such argument is unavailing. In *Halpern*, this Court held that the appreciation during the parties' marriage in the value of property acquired by one spouse by gift or inheritance prior to or during the marriage is subject to equitable division but only if the appreciation in value during the marriage was caused by the efforts of either or both spouses; increase in value of the asset is exempt from equitable division if solely due to market forces. Id. at 640. In *Halpern*, as in the present case, there was no evidence that either party contributed to appreciation of the shares during their

9

marriage. Id. Thus, the shares of corporate stock and any appreciation in their value were not marital assets subject to equitable division. Id.

Judgment affirmed.  All the Justices concur.


Decided March 28, 2014.

Domestic relations. DeKalb Superior Court. Before Judge Adams.

Janis Y. Dickman, Kevin T. Moore, for appellant.

Ellis, Hoyle, King & de Klerk, Dawn E. de Klerk, for appellee.